## Evelyn Peacock v. City of Dallas.

### No. 412.—Decided April 9, 1896.

**City Charter Construed—Action for Gross Negligence.**

Section 165 of the Charter of the City of Dallas provides that "No action against the city shall be sustained in any case in which it might be liable for damages for injuries caused from streets * * * being out of repair from gross negligence of said city, unless the same have remained so for ten days after special notice in writing given to the Mayor or City Engineer." This section does not exempt the city from liability for ordinary negligence.

Error to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

Suit against the City of Dallas by Evelyn Peacock, to recover damages for personal injuries caused by a broken grating in the street. Plaintiff had judgment, the trial court overruling the defense based on want of notice of defect, as provided in the special charter of the city. On defendant's appeal this judgment was reversed and remanded by the Court of Civil Appeals, who held the defense good; and plaintiff thereupon obtained a writ of error, showing that this ruling practically settled the case against her.

*Holloway & Holloway*, for plaintiff in error.—Section 165 of the Dallas Charter does not apply to any case in which ordinary negligence is sufficient to charge the city. We are unable to give the history of this section. The words "gross negligence" unmistakably point to two facts: (1) The section has been adopted from the statutes of another State. (2) It was drawn by an Illinois lawyer, and was designed to limit the rule of comparative negligence, so that, where the plaintiff is himself negligent, he can not recover on the ground that the negligence of the city is comparatively gross, unless ten days' notice of the defect has been given. The section remains in abeyance in Texas until the rule of comparative negligence shall be adopted, or until a case shall arise in which gross negligence imposes a liability on the city which it does not incur by ordinary neglect. Crane v. Fipps, 29 Kan., 585, 588. It may be that no such case can arise under existing laws. This does not justify the application of this section so as to relieve the city from liability for ordinary negligence. It does not appear that the Legislature so intended, and no such intention is expressed. The section is against common right, and is to be strictly construed.

*A. P. Wozencraft* and *T. A. Work*, for defendant in error.—The charter provision of the city of Dallas that no action against the city shall be sustained in any case in which it might be liable for damages for injuries from streets, highways, ways, crossings, culverts, sidewalks, sewers, awnings, or other things being out of repair from the gross negligence of said city, unless the same have so remained for ten days after special

notice in writing given to the Mayor or the City Engineer, is applicable·
to suits for personal injuries, and the court erred in sustaining appellee's
exception to that portion of appellant's answer which set up said section
of said charter as a defense to said suit.   Rev. Stats., arts. 1187, 1189,
1191, 1195, 1262; Const. of Texas, art. 2, secs. 5-7; Act to incorporate
the City of Dallas and to grant it a new charter, approved March 13, 1889,
secs. 165, 193; City of Dallas v. Western Electric Co., 83 Texas; 243;
City of Houston v. Isaacs, 68 Texas, 116; Preston v. City of Louisville,
84 Ky., 118; Noble v. Richmond, 31 Gratt. (Va.), 271; Spiceland v.
Alier, 96 Ind., 467; Van Vranken v. Schenectady, 31 Hun., 516.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in
error to recover of defendant in error damages for personal injuries.   It
was alleged that the injuries were caused by reason of a broken grating
near the corner of two of the principal streets of the city and adjacent to
the sidewalk, which the defendant had negligently failed to repair and
into which the plaintiff stepped without fault on her part.   There was
evidence to sustain the allegations of the petition, and there was a verdict
and judgment in favor of the plaintiff.   Upon the trial the defense was
urged that by reason of a provision in its charter the city was exempted
from liability for injuries resulting from defective streets and sewers,
until ten days had elapsed after notice in writing to its mayor or city
engineer of the defect.   Such notice was neither alleged nor proved.
The point was saved by proper exceptions, and upon appeal to the Court
of Civil Appeals the rulings of the trial court upon the question were
assigned as error.   The Court of Civil Appeals held in effect, that the
point was well taken and reversed the judgment of the District Court and
remanded the cause.

In order to give this court jurisdiction to revise the judgment of re-
versal, the plaintiff in error has filed a petition for a writ of error, in
which it is alleged that the ruling of the Court of Civil Appeals "practi-
cally settles the case."   See Rev. Stats. 1895, art. 932.

The provision in its charter upon which the city relies for a defense
to the action reads as follows:

"Sec. 165.   No action against the city shall be sustained in any case
in which it might be liable for damages for injuries caused from streets,
highways, ways, crossings, culverts, bridges, sidewalks, sewers, awnings,
or other· things being out of repair from gross negligence of said city,
unless the same have remained so for ten days after special notice in
writing given to the mayor or city engineer."   Special Laws 1889, p. 27.

It is insisted, on behalf of the plaintiff in error, that this section does
not exempt the city from liability for ordinary negligence, and we are of
opinion that the construction so claimed is correct.   The provision is
peculiar, and after a careful consideration of its language we confess
that we are unable to reach any satisfactory conclusion as to what the.
Legislature had in mind when it was incorporated in the charter.   The
difficulty grows out of the use of the words "gross negligence."   Just as

an aggravated assault in our criminal law includes a simple assault, so gross negligence includes ordinary negligence. One who, in doing or not doing a particular act, has failed to exercise even slight care, evidently has failed to use ordinary care and hence is necessarily guilty of ordinary negligence. Therefore it would seem upon first blush, that the purpose of the section was to relieve the city from liability for every character of negligence, until ten days after notice; and that it should be construed as if it read, "No action against the city shall be sustained in any case in which it might be liable for damages caused from streets, highways, ways, crossings, culverts, bridges, sidewalks, sewers, awnings or other things being out of repair even from the gross negligence of said city, unless, etc." Such language would have implied that it was not to be liable for any negligence in failing to repair, until after notice was given. But if such had been the intention of the Legislature, that intention would have been clearly expressed merely by the omission of the word "gross," as was done in the special charter of the City of Denison, which was passed in 1891. See Special Laws 1891, p. 55, sec. 153. It is to be presumed that the word was used for a purpose, and it must be given effect. The question is, what effect must be given to it? It is unreasonable to suppose that it was intended to wholly exempt the city from any liability when its neglect should be gross, and to hold it responsible when guilty of ordinary but not of gross negligence. The language admits of this construction, but it leads to a palpable absurdity. We think, therefore, that the purpose of the section was not to relieve the city from injuries resulting from its ordinary negligence in any case, but merely to exempt it from the consequences of gross neglect. Now, it may be that a city is not liable for exemplary damages for injuries resulting from the gross neglect of its officers or agents. There are authorities which so hold. But it may have been in the mind of the Legislature, that in the absence of some statutory restriction, such liability would exist, and the section may have been inserted in the charter for the purpose of limiting that liability. Admitting that in the absence of any restriction a city could be mulcted in exemplary damages for gross neglect in failing to keep its streets and sewers in safe repair, we see a sufficient reason why an exemption from that liability should be granted. It is held by courts in many of the states, that there is no implied responsibility on the part of a municipal corporation for injuries resulting from defective streets and sidewalks. The majority of the courts hold, as this court has held, that such liability does exist. A reason for the latter rule is that, while it may be a hardship for the tax-paying people to pay for the neglect of the officers of the corporation, it is a greater hardship that the citizen should suffer an injury without compensation for his loss. Further than this the reason of the rule does not go. Exemplary damages are not for compensation, but for punishment, and there is no sufficient reason why they should be allowed in such a case. We may therefore see why, in granting a charter, a Legislature, while recognizing the implied liability of the city for the negligence of its officers, should at

least, out of abundance of caution, restrict its liability as to exemplary damages.   It may be also that in adopting the provision in question, the Legislature had in view that section of our Constitution which provides that in certain cases for injuries resulting in death exemplary damages shall be allowed.   Constitution, art. XVI., sec. 26.

A similar provision to the charter of the City of Houston was under consideration in the case of that city against Isaacs, 68 Texas, 116, and we there said:   "The provision is a most stringent one, and its practical effect would seem to be to exempt the city from all liability for such defects as ordinarily accrue.   But we can not say that it should not be enforced in a case to which it is applicable."   But we held that the provision was not applicable in that case.   Hence the question here presented was not then before the court.   The point now urged was not made in that case; nor did it suggest itself to our minds.   The remarks in that case probably led to the error, as we now take it to be, into which the Court of Civil Appeals has fallen.

From what has been said it follows that in our opinion the assignments of error in the Court of Civil Appeals which presented the question we have just discussed are not well taken.   We have considered the other assignments insisted upon in that court, and are of the opinion they point out no error.   The charge of the court was full and fair and not subject to any substantial objection.   The instructions requested and refused, so far as proper, were given in substance in the main charge.

We think there was no error in the judgment of the trial court and therefore the judgment of the Court of Civil Appeals is reversed and that of the District Court affirmed.

*Judgment of Court of Civil Appeals reversed and of District Court affirmed.*