PONTIAC BUGGY COMPANY v. W. E. DUPREE AND WIFE.

Decided March 28, 1900.

**1. Judicial Discretion—Reopening Case—Wife's Separate Estate.**

Under an execution in their favor against the husband, plaintiffs purchased land
the title to which stood in the wife's name, and sued them in trespass to try title
therefor, alleging that the land was bought by defendants with community funds
and title taken in the wife's name as her separate estate for the purpose of de-
frauding creditors of the husband. After the evidence was closed the court, having
heard argument on the question as to which party had the burden of proof as to the
property being community or separate estate, announced that he held the burden
to be on plaintiff, and that, as there was no evidence on that point except the re-
citals in the deed to the wife showing it to be her separate estate, he would instruct
a verdict for the defendants. Plaintiffs then requested permission to withdraw their

announcement of having rested their case, and to offer evidence showing that the land was bought with community funds, which request the court denied. The bill of exceptions and record did not show what testimony, if any, plaintiffs could offer on that issue. Held, that an abuse of the court's discretion to plaintiffs' injury was not shown.

### 2. Wife's Separate Estate—Recitals in Deed to Her.

In an action by creditors of the husband the effect of which is to subject land to the satisfaction of their debt, the title to which stands in the wife's name by deed made during coverture, the court, in the absence of evidence disproving the recitals in the deed that the land was paid for with money the separate estate of the wife, and vesting the title in her separate estate, may properly direct a verdict for defendants.

ERROR from McLennan. Tried below before Hon. MARSHALL SURRATT.

*Lindsey & Smith,* for plaintiff in error.

*Jas. A. Harrison* and *Jones & Sleeper,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by plaintiff in error against defendants in error to recover certain real estate situated in the city of Waco. The petition alleges that the land in controversy was purchased with the funds of W. E. Dupree, or the community funds of himself and wife. That the deed to the same was taken in the name of the latter to hinder, delay, and defraud the creditors of the husband, he being insolvent; that plaintiff was a creditor of W. E. Dupree and had reduced his debt to a judgment, issued execution thereon, and bought the property at sheriff's sale.

W. E. Dupree and wife, M. E. Dupree, answered by general exceptions and denial, and plea of not guilty; and the latter plead that the land sued for was purchased with her separate funds, and was her separate property, and was also the homestead of herself and husband. The case was tried before a jury, and after the evidence was introduced, the court peremptorily instructed a verdict in favor of the defendant. From the judgment entered upon the verdict, the writ of error was prosecuted.

*Conclusions of Fact.*—On January 30, 1897, plaintiff recovered against W. E. Dupree two judgments in the District Court of McLennan County, aggregating $2783.35, upon which executions were issued on the 8th day of February of that year, and returned "no property found." On the 13th day of October, 1897, alias executions were issued on the judgments, and the property in controversy, by virtue thereof, levied on and sold as the property of W. E. Dupree by the sheriff to plaintiff for the sum of $20, and a sheriff's deed, by virtue of said sale, to the property was made on the 7th day of December, 1897, to the Pontiac Buggy Company.

On the 24th day of May, 1897, J. S. Willis Rentfro executed his deed of that date to Mollie E., the wife of W. E. Dupree, conveying to her the land in controversy. The deed recites that the consideration there-

for, $700, was paid from her separate estate, and that the property was conveyed to her for her separate estate. When this deed was made, W. E. Dupree was wholly and notoriously insolvent.

The agent of the grantor, Rentfro, through whom the sale was made, in the spring of 1895, and at divers other times thereafter, tried to sell the property to Mr. Dupree, and had with him, to use the language of the agent, "a good deal of wrangling over the price." After the failure of the agent to effect a sale to him, the agent told Mr. Dupree that he had hoped to sell the property to him, but he had spoiled it all by "going busted." To which Dupree replied, "that is so; I can't buy any property now." That all was up with him; that he had no money, but wanted the property, and that if his wife had any money he would buy it, if he could get it at the right price. Dupree then made the agent an offer for the property, conditioned upon his wife having money to pay for it, stating that she didn't want to buy anything on a credit, and he had nothing to buy it with. Afterwards the agent told Dupree that he would take $700 cash for the property, to which the latter replied that he would see his wife about it, and that if she had the money, that he would buy it. Finally the terms of the sale were agreed upon, and when the title was examined and pronounced satisfactory by Dupree's attorney, Mr. Dupree was notified over the telephone to meet the agent at the attorney's office and settle the matter up. Whereupon Dupree asked if he should bring the money or check, and was told by the agent that for reasons of his own he would rather he would bring the money. Dupree went with the purchase money to the attorney's office, and the agent of the grantor wrote the statements in the deed that the consideration was of the separate estate of Mrs. Mollie E. Dupree, and that the property was conveyed to her for her separate property at the request of W. E. Dupree, who then paid the agent the money and received the deed. No testimony was offered showing or tending to show to whom said money belonged.

After introducing the testimony showing the foregoing facts, the plaintiff closed his case and the defendants closed without introducing any evidence.

*Conclusions of Law.*—The court after hearing the argument upon the question as to whom the burden of proof as to the ownership of the money paid for the land was upon, announced its decision that it was upon the plaintiff, and that as there was no proof on the point, he would instruct the jury to return a verdict for defendants. Thereupon counsel for plaintiff requested the court to be allowed to withdraw their announcement of having rested its case, and requested permission to offer evidence to establish that the money with which the land was purchased was community property of defendants. The refusal of the court to grant such request is assigned as error.

Neither the bill of exceptions taken to this action of the court, nor the record, shows what testimony, if any, the plaintiffs could offer on

this issue, or that plaintiff could produce evidence which would tend to establish that the money with which the land was purchased was community property of defendants. It was a matter purely within the discretion of the trial court to allow the introduction of further evidence after the case had been closed by both parties. It is a general principle of appellate procedure that decisions of a trial court resting in discretion will not be reviewed on appeal, unless it is obvious that such discretion has been abused and the party complaining injured thereby. Collier v. Myers, 14 Texas Civ. App., 312; Railway v. Bliss, 27 S. W. Rep., 219; 2 Enc. Plead. and Prac., 410. In the absence of the failure of plaintiff to show in its bill of exceptions or by the record what testimony it had to offer upon the question, it can not be said that the court abused its discretion, or that plaintiff in error was prejudiced by its ruling.

By the remaining assignments it is contended that the court erred in peremptorily instructing the jury to find for the defendants, and in not submitting to the jury the question as to whether the land in controversy was community or separate property. Whenever by the terms of a conveyance of land to the wife it is recited therein that the consideration was paid out of her separate means, and the title is vested by the terms of the deed in her separate estate, then a creditor of the community seeking to subject the land so conveyed to the payment of his debts must show that the money which paid for it belonged to the community, and not to the separate estate of the wife. McCutcheon v. Purinton, 84 Texas, 603; Purinton v. Gunter, 3 Texas Civ. App., 528; Evans v. Purinton, 34 S. W. Rep., 350; Veramendi v. Hutchins, 48 Texas, 531; Kirk v. Navigation Co., 49 Texas, 215; Cook v. Bremond, 27 Texas, 45; Swain v. Duane, 48 Cal., 359; Shanahan v. Crompton, 92 Cal., 9.

As there was no evidence tending to show that the purchase money was not as recited in the deed of the separate estate of Mrs. Dupree, the court did not err in refusing to submit as an issue in the case the question as to whether the money was community or separate funds of the wife.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.