Puckett Wear constructed a sidewalk and curb adjacent to property owned by Bishop Birchfield in the city of Ft. Worth under a contract with the owners to be paid for such work. They instituted this suit against the city for damages in the sum of $129.60 as the extra cost of tearing out and replacing the sidewalk and curbing, which, according to allegations in their petition, they originally completed in accordance *Page 1116 
with the negligent directions of the city engineer, who thereafter required them to remove it; and proof was introduced by plaintiffs sufficient to sustain those allegations. But, on account of plaintiffs' failure to prove notice of the claim to the board of commissioners of the city prior to the institution of the suit, in accordance with the requirements of the city's charter, the court instructed a verdict for the defendant. Plaintiffs have appealed.
The city was operating under a charter granted by a special act of the Legislature, one of the provisions of which reads:
"The city of Ft. Worth shall not be held to liability for and on account of any damages or injury of any kind whatsoever to persons or property unless the person claiming the same, his agent or attorney, shall, within thirty days after such injury or damage has been sustained, serve notice in writing, upon the board of commissioners, giving the day and date, the time the place where such injury or damages occurred, and the nature and character of the injury."
According to what is termed in the statement of facts "a rule book or ordinance," which had been adopted by the city, all cement sidewalks were required to be constructed in accordance with certain specifications therein given, containing, among others, the following provision:
"All the work contemplated by these specifications shall be done to the satisfaction of the city engineer of the city of Ft. Worth, Texas, and shall continually, during construction, be subject to the inspection and approval, or rejection of said city engineer, or his authorized inspectors and assistants.
"If any person employed by the contractor on the work shall appear to be incompetent or disorderly, he shall be discharged immediately upon request of the city engineer and shall not again be employed on the work.
"Whenever any imperfect or unfaithful work is discovered by the city engineer or his assistant, it shall be corrected and repaired immediately upon the requirements of the city engineer, notwithstanding the fact that it may previously have been overlooked."
By another provision it is made the duty of the city engineer to give such directions as may be necessary to properly do such work.
Appellants insist that, as it is thus shown that the city reserved the right to control even the details of the work done by them, the negligence of the city engineer in giving them incorrect lines and grades for the sidewalk in accordance with which the work was originally done was directly the negligence of the city itself, and therefore the charter requirement for notice of the injury prior to the institution of the suit is inapplicable.
In the case of City of Houston v. Isaacks, 68 Tex. 116, 3 S.W. 693, our Supreme Court held that a charter requirement for a prior written notice of 10 days to the mayor or street commissioner of a defective condition of a street as a condition precedent to fixing liability of the city for an injury caused by such defect had no application because of the fact that such condition of the street was chargeable to the negligence of the very officers to whom the notice was required to be given.
In Shows v. City of Dallas, 172 S.W. 1137, plaintiff claimed damages to her property from the bursting of a sewer alleged to have been negligently constructed by the city. The special charter of the city contained a section to the effect that the city would not be liable for damages of any kind unless the person injured should give the mayor or city secretary notice in writing of such injury within 30 days after the same has been sustained, and, further, that the city should not be liable for damages to any person or property arising from any defect in any street or public work of the city unless such specific defect shall have been known to the mayor or city engineer, or their attention called thereto by notice in writing, at least 24 hours prior to the occurrence of such damages. The trial court sustained exceptions to the petition, presenting the contention of its insufficiency in failing to allege the notices required by those provisions of the charter. On appeal it was held that, as plaintiff had alleged that the negligence upon which a recovery was predicated was that of the city itself, the exceptions were improperly sustained, basing that ruling upon the decision in Houston v. Isaacks, supra.
In Still v. City of Houston, 27 Tex. Civ. App. 447, 66 S.W. 76, and Houston v. Owen, 67 S.W. 788, the same provision of the city charter shown in Houston v. Isaacks was held inapplicable for the same reason; and a similar charter provision was given a like construction in City of Dallas v. McAllister, 39 S.W. 173. In Peacock v. Dallas, 89 Tex. 438,35 S.W. 8, the notice required by the charter related to defects existing through "gross negligence" of the city, and our Supreme Court held it inapplicable in that case, since the suit was predicated upon negligence of the city, but not upon its "gross" negligence.
The underlying principle of all those decisions, except the one last mentioned, as we construe them, is that, if the officers to whom such notices are required to be given, are themselves the wrongdoers, then a compliance with the charter provision relative to notice is unnecessary, as in that contingency its only purpose has been accomplished already, although it would be difficult, on that principle, to explain the ruling in Shows v. Dallas that the charter requirement for notice of the injury sustained by reason of the negligence upon which the suit was based, had no application. But we are of the opinion that that principle is not applicable in the present suit. It plainly appears both from the allegations in the petition, as well as from the evidence, that the negligence upon which plaintiffs' suit is based was that of the city engineer, while the charter provision of the city requires the notice therein provided *Page 1117 
to be in writing and to be served upon the board of commissioners. Of course, if the city is liable, the liability rests upon the proposition that it is liable for the negligence of its city engineer, and in that sense the negligence of the engineer is the city's negligence. But the same could be said of its liability for the negligence of any other representative or agent, and, if the charter provision is not applicable in a suit based upon the negligence of the engineer, it would follow logically that the same could be said of a liability for the negligence of any other agent or representative; thus entirely setting the charter provision at naught in any event. No court has the authority to set aside a plain provision of an act of the Legislature except on constitutional grounds.
The special charter of the city of Ft. Worth containing the provision copied above was in force at the time plaintiffs undertook to do the paving in question, and they must be held necessarily to have proceeded with the work with such provision in view. The notice mentioned in the charter was required to be given to the city's board of commissioners, and, as the city engineer was not a member of that board, notice to him was not such notice as required by the charter. Hence we are of the opinion that the charter provision was applicable to plaintiffs' suit. Parsons v. City of Fort Worth, 26 Tex. Civ. App. 273, 63 S.W. 889; City of Ft. Worth v. Shero, 16 Tex. Civ. App. 487, 41 S.W. 704; Luke v. City of El Paso, 60 S.W. 363; English v. City of Ft. Worth, 152 S.W. 179.
But we are of the opinion that the judgment of the trial court must be reversed because of the refusal of the trial judge to permit plaintiffs to make further proof of the notice given to the city. It appears that during the trial of the suit some proof was offered to show that such notice was given, but the same failed to fully comply with the charter provision. When the introduction of the evidence had been closed, and before the argument had begun, the court announced his intention to give a peremptory instruction in favor of the defendant by reason of the failure of proof of such notice. Thereupon counsel for plaintiffs asked leave to supply such omission, and offered to do so by one of the plaintiffs, who, according to the bill of exception, would have testified fully upon that question, and would have supplied the deficiency of the proof already offered. It is a well-settled rule that it is within the discretion of the trial judge to allow additional proof under similar circumstances, and that his action in permitting or refusing the same will not be disturbed in the absence of some showing of an abuse of such discretion. Pittsburg Plate Glass Co. v. Roquemore, 88 S.W. 449; Meyers v. Maverick, 28 S.W. 716; Williams v. Ball, 52 Tex. 603, 36 Am.Rep. 730; Pontiac Buggy Co. v. Dupree, 23 Tex. Civ. App. 298,56 S.W. 703; St. L. S.W. Ry. v. Johnson, 94 S.W. 162.
In Pontiac Buggy Co. v. Dupree, supra, the assignment complaining of the refusal of the court to allow additional testimony after announcement by the court that an instructed verdict for the defendant would be given was overruled, but it appears that in overruling the same the court did so by reason of the fact that in the bill of exception taken to the ruling there was a failure to show what testimony plaintiff desired to offer and would have offered, and hence it did not appear that the trial judge had abused his discretion. Likewise in Railway v. Johnson, supra, an assignment to the action of the court in refusing to allow further testimony offered by the plaintiff after both parties had closed the introduction of testimony was overruled, but in doing so the court expressly referred to a statement contained in the trial judge's explanation of the bill of exception to the ruling, which clearly showed that the additional proof proposed was not available.
In the present case it does not appear that the defendant had proof to offer in rebuttal of the additional evidence, and that the witness by whom it expected to make such proof had been excused, and that it would be deprived of an opportunity to introduce such proof by reason of plaintiffs' delay in introducing the proffered additional evidence. It further appears that the additional proof which plaintiffs sought to introduce was the testimony of one of the plaintiffs who was present, and we fail to see how the granting of such request could have resulted in any material delay of the trial.
For the reasons noted, the judgment is reversed, and the cause remanded.