(18 Misc. Rep. 303.)

### KENNEDY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. October, 1896.)

MUNICIPAL CORPORATIONS—NOTICE OF INTENT TO SUE.

Laws 1886, c. 572, providing that no action for personal injuries against a city shall be maintained unless "notice of the intention to commence such action, and of the time and place at which the injuries were received, * * * be filed with the counsel to the corporation * * * within six months after" the injury, is not complied with where the attorney of the person injured, in writing to the assistant corporation counsel concerning an examination of his client, mentioned the date of the injury, and later wrote that he did not desire to delay his client's action against the city, and, after six months from the injury, signed a stipulation for the examination of his client, and that no objection should be made to the commencement of the action before such examination.

Action by Thomas Kennedy against the mayor, etc., of the city of New York, for personal injuries. Plaintiff moves to set aside the

judgment dismissing the complaint, and for leave to amend. Denied.

Jerome & Nason, for the motion.

Wm. H. Rand, Jr., Asst. Corp. Counsel, opposed.

GILDERSLEEVE, J. The action is to recover damages for personal injuries. The accident occurred on September 8, 1894. On January 26, 1895, plaintiff served notice of claim, as required by the statute (Consolidation Act, § 123), on the comptroller, who, within a few days thereafter, forwarded the same to the corporation counsel. On January 30, 1895, the comptroller, through the corporation counsel, served notice on plaintiff to appear for the purpose of being examined touching said claim. On the same day, the plaintiff's attorney wrote to one of the assistants to the corporation counsel, asking to have the examination taken at plaintiff's home, to which the said assistant replied by offering to postpone the examination until the plaintiff was able to come down town, or to take the examination at the home of plaintiff at some date to be determined upon. To this, plaintiff's attorney replied by stating that he preferred to take the examination at plaintiff's home. In the first letter, plaintiff's attorney mentions the accident as having occurred on September 8, 1894, but does not refer to the place where it happened, nor does he state that plaintiff has an intention of commencing an action. In his second letter, he states that he does "not desire to delay the commencement of Mr. Kennedy's action against the city," but does not refer either to the time or place at which the injuries were received. They are both personal letters to the assistant corporation counsel, and refer solely to the examination touching plaintiff's claim. Subsequently, and on April 9, 1895, after several adjournments of the examination from time to time, the following stipulation was entered into by the said assistant corporation counsel and the plaintiff's attorney, to wit:

"The examination of Thomas Kennedy, in the matter of his claim against the mayor, etc., of the city of New York, is hereby adjourned until Wednesday, April 17, 1895, at 3 p. m., at his house; and it is hereby stipulated that service of summons and complaint may be made before such examination is had, and that no objection will be taken on the part of the mayor, etc., of the city of New York, that such action is taken before said examination is had; and, on behalf of said claimant, it is stipulated that he will submit to an examination on such adjourned day, or on such other day as may be mutually hereafter agreed upon, and that defendant's time to answer or demur shall be extended to a date fourteen days after such examination is had."

Thereafter, and on the 18th of April, 1895, the summons and complaint were served; and the said defendant appeared on April 19, 1895, and served its answer herein on May 11, 1895. Thereafter the cause was placed on the calendar, and, when it appeared thereon and was called for trial, the complaint was dismissed, on the ground that no notice of intention to commence such action, and of the time and place at which the injuries were received, had been filed with the counsel to the corporation, as required by chapter 572 of the Laws of 1886, within six months after the cause of action had accrued.

The plaintiff now makes a motion to set aside the judgment dismissing the complaint, and for leave to amend the complaint.

The statute is as follows:

"No action against the mayor, etc., of any city in this state having fifty thousand inhabitants or over for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, etc., * * * shall be maintained, * * * unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer hereof, within six months after such cause of action shall have accrued."

It is not pretended that any such notice was filed with the corporation counsel; but it is claimed that the foregoing stipulation waived such requirement, and that the letters above referred to constitute sufficient notice. It seems to me, as I have already intimated, that the letters were personal communications from plaintiff's attorney to the assistant corporation counsel, having reference solely to the examination touching plaintiff's claim, and do not supply the statutory requirements of the notice. The filing of the notice is a condition precedent to the existence of the cause of action, and the fact of the filing must be alleged and proved. Foley v. City of New York, 1 App. Div. 587, 37 N. Y. Supp. 465. The filing of the claim with the comptroller, in compliance with the requirements of the consolidation act, and the forwarding of the same by the comptroller to the corporation counsel, and the waiver of an examination thereafter of the claimant by the latter officer, within six months of the injury, is not sufficient. Babcock v. Mayor, etc., 24 Abb. N. C. 277, affirmed 56 Hun, 196, 9 N. Y. Supp. 368. In the case at bar, the stipulation above set forth, which is claimed to be a waiver of the notice, was entered into more than six months after the cause of action had accrued. The statute declares that no action against the mayor, etc., for personal injuries, shall be maintained unless the notice shall have been filed with the corporation counsel within six months after such cause of action shall have accrued. I do not incline to plaintiff's view of the force of that stipulation. It seems to me to refer wholly and solely to the examination touching plaintiff's claim. The defendant's attorney does not seem to have stipulated anything with regard to the notice, or waived any of his advantages arising from plaintiff's failure to comply with the requirements of the statute.

The plaintiff relies upon the case of Enair v. City of Brooklyn (City Ct. Brook.) 5 N. Y. Supp. 835, as an authority in his favor. In that case a notice, fuller than the one required by chapter 572 of the Laws of 1886, had been served within the six months upon the comptroller, and the notice was afterwards placed in the manual possession of the corporation counsel within the six months, and plaintiff was examined by the latter officer. It was held by the general term of the city court of Brooklyn that the receipt of the notice giving the requisite information by the corporation counsel, who acted upon it by the examination of plaintiff, was such an adoption of the same as to establish the "filing thereof" with the corporation counsel, as required. But that authority does not apply here. In this case the notice to the comptroller did not contain the required "notice of intention to commence such action."

In the case of Babcock v. Mayor, etc., supra, the court said:

"The question, therefore, as to whether or not, by the notice sent from the comptroller's office, or from the examination of claimant, the corporation counsel had actual notice of an intention to sue, is immaterial. The condition precedent to bringing the action is the filing of notice of intention to commence such action with him."

Among the authorities cited in the brief on this motion by the assistant corporation counsel is that of Dawson v. City of Troy, 49 Hun, 322, 2 N. Y. Supp. 138, where the court say:

"The plaintiff did not comply with the statute, * * * probably overlooked it; * * * and she now asks the court to say that * * * a paper served on the mayor was a paper filed with the corporation counsel. Our sympathy should not lead us to disregard the plain words of the statute. We might as well say that, if the corporation counsel had heard in the street that the plaintiff was about to commence this action, such hearing would relieve her from the requirements of that statute."

The claim filed with the comptroller is not a notice of intention served upon the corporation counsel. Even if the letter above referred to from plaintiff's attorney to the assistant corporation counsel, in which occur the words, "I do not desire to delay the commencement of Mr. Kennedy's action against the city," could be construed into a notice, it would lack the requirements of the statute, as I have above pointed out, inasmuch as it does not specify the time and place at which the injuries were received.

In the opinion of the general term affirming Babcock v. Mayor, etc., supra, the court say:

"And it may further be said, with justice, that the act of 1886 required a notice of an intention to commence an action for the injuries received. The notice served on the comptroller, and which came into the possession of the corporation counsel, contains no reference whatever to the commencement of an action. It is simply the presentation of a claim. Whether there was an intention to commence an action for the recovery of the amount claimed is in no wise expressed in the notice; and it cannot be successfully maintained that, if a notice was served upon the corporation counsel simply that a person had a claim against the city, it is a compliance with the plain provisions of the statute that notice of the intention to commence an action must be contained in the notice served upon the corporation counsel."

The plaintiff did not file the notice required by the statute within six months after the cause of action had accrued. His cause of action is dead, and, for the reasons given above, the motion to set aside the judgment, and permit the plaintiff to amend the complaint by alleging the service of the statutory notice, must be denied, with $10 costs.

Motion denied, with $10 costs.