CITY OF DALLAS v. SHOWS.
(No. 65–2814.)

(Commission of Appeals of Texas, Section A. June 11, 1919.)

1. PLEADING ⊂⊃223—GENERAL DEMURRER— SPECIAL EXCEPTIONS.

The trial court having sustained general demurrer to petition, special exceptions thereto should not have been considered.

2. APPEAL AND ERROR ⊂⊃1040(1)—REVIEW— HARMLESS ERROR.

The consideration of special exceptions to petition after court had sustained general demurrer thereto was harmless, where the special exceptions were but expository of the general demurrer.

3. MUNICIPAL CORPORATIONS ⊂⊃742(4)—ACTION FOR INJURIES—CLAIM OF DAMAGES— PLEADING.

In action against city for personal injuries and for damages to property, the giving of notice of claim of damages required by City of Dallas Charter, art. 14, § 11, must be affirmatively alleged by plaintiff, being a condition precedent to the right of action.

4. MUNICIPAL CORPORATIONS ⊂⊃723½ — TORTS — ACTION FOR INJURIES — NOTICE OF INJURY—VALIDITY OF CHARTER PROVISION.

City of Dallas Charter, art. 14, § 11, requiring written notice of injury as a condition precedent to a. suit against a city for ·such injury, is valid.

5. MUNICIPAL CORPORATIONS ⊂⊃741(1)—ACTION FOR INJURIES — NOTICE OF INJURY — NEGLIGENCE OF CITY.

A written notice· to a city of an injury required by City of Dallas Charter, art. 14, § 11, is a condition precedent to an action for such injury, though the injury was the result of an act of the city itself.

6. MUNICIPAL CORPORATIONS ⊂⊃741(1)—NOTICE OF INJURY—CONSTRUCTION OF CHARTER PROVISION.

The .requirement of notice of injury as a condition precedent to an action under City of Dallas Charter, art. 14, § 11, is in derogation of common right, and will be construed with reasonable strictness, and not extended by implication beyond its own terms or held to apply to such damages as are not within its clear intent.

7. MUNICIPAL CORPORATIONS ⊂⊃741(1)—NOTICE OF INJURY—CONSTRUCTION OF CHARTER —"DAMAGES OF ANY KIND"—"PERSON INJURED."

City of Dallas Charter, art. 14, § 11, requiring actual· knowledge or written notice to city of defect in public street, highway, or grounds or public works of city causing damage to "person or property" at least 24 hours prior to injury, and requiring "person injured" to give notice of injury before city shall be liable for "damages of any kind," construed to require notice of injury only in case of personal injury, and not in case of injury to property.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by F. F. Shows against the City of Dallas. Judgment for defendant reversed by Court of Civil Appeals (172 S. W. 1137), and defendant brings error. Judgment of Court of Civil Appeals affirmed.

C. F. O'Donnell, G. C. Adams, and ˙M. S. Church, all of Dallas, for plaintiff in error.

Parks & Hall, of Dallas, for defendant in error.

SONFIELD, P. J. F. F. Shows, plaintiff, sued the city of Dallas, a municipal corporation, defendant, for the recovery of damages for personal injuries alleged to have been sustained by plaintiff and his wife and for injuries to their real property, alleging that such injuries resulted from the negligent, careless, and defective construction and maintenance of a sewer by defendant.

The trial court sustained a general demurrer and two special exceptions to plaintiff's petition, the general demurrer being sustained on the grounds set out in the special exceptions, in substance, that the petition did not allege that notice of the defective condition of said sewer and notice of the resultant injury to person and property had been given to the defendant in the manner and within the time prescribed by its charter. Plaintiff declining to amend, judgment was rendered for defendant.

On appeal the Court of Civil Appeals reversed the judgment of the district court and remanded the cause for a new trial, holding that, the defective condition of the sewer being brought about by defendant's own act, no notice of either the defect or resulting injury was necessary in order to maintain suit. 172 S. W. 1137.

[1, 2] The trial court having sustained the general demurrer, the special exceptions should not have been considered. Everett v. Henry, 67 Tex. 402, 3 S. W. 566; Bigham Bros. v. Port Arthur Channel & Dock Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 686. This, however, is immaterial in this instance, as the two special exceptions were but expository of the general demurrer, statements of the grounds upon which same was urged.

Section 11, art. 14, of the charter of the city of Dallas reads as follows:

"Before the city of Dallas shall be liable for damages of any kind the person injured, or

some one in his behalf, shall give the mayor or city secretary notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where, and how the injury occurred and the extent thereof. The city of Dallas shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway or grounds or any public work of the city, unless the specific defect causing the damage or injury shall have been actually known to the mayor or city engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, unless the attention of the mayor or city engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage and proper diligence has not been used to rectify the defect after actually known or called to the attention of the mayor or city engineer as aforesaid."

Defendant admits that it was unnecessary to give notice of the defect causing the injury where same was caused by the act of defendant itself, and concedes that the special exception to plaintiff's petition for failure to allege notice of the defective condition causing the injury should not have been sustained. It, however, insists that the charter requires notice of an injury both to person and property; and, such notice not being alleged, the petition was subject to general demurrer.

Charter provisions, such as the one under discussion, requiring notice of an injury within a given time, as a condition precedent to the right to maintain an action for such injury, have been uniformly upheld. "Such requirements are enacted in furtherance of the public policy, and their object and purpose is to protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit." McQuillin, Municipal Corporations, § 2715; City of Ft. Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704.

[3] Being a condition precedent to the right of action, it is incumbent on the plaintiff to affirmatively allege the giving of the prescribed notice. Dillon, Municipal Corporations (5th Ed.) § 1613.

[4, 5] The provision in defendant's charter requiring notice of the injury as a condition precedent to a suit for such injury is valid. It is wholly immaterial that the injury was the result of the act of the city itself. City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693, does not hold otherwise. In that case, the court had under consideration a charter provision to the effect that the city should not be liable to any person for damages caused from the defective condition of streets, ways, crossings, etc., unless same remained in such condition ten days after special notice in writing given to the mayor or street commissioner. The court held such notice unnecessary when the defect was caused by the action of the city itself. The question therein involved was notice of the defect, not of an injury the result of such defect.

It remains to determine what character of injuries are within the requirement of the charter provision. Does it contemplate injuries to the person only, or does it include injuries to property?

[6, 7] The portion of the section dealing with notice of the defect follows that with reference to notice of the injury. Notice of the defect is by express language made a condition precedent to a recovery for injury to person or property. In the provision for notice of the injury, no specific mention is made of injury to property. The phrase in this provision "damages of any kind," considered alone, would, of course, be sufficiently broad to include damages to either person or property. The notice provided for is to be given by "the person injured." In a sense, a person is injured when his property is injured. We believe, however, that a proper construction of the provision, read in its entirety, and in view of the omission of mention of injury to property, while property is specifically mentioned in the same section in reference to notice of the defect, evidences an intention that the requirement as to notice of injury should apply exclusively to the person. The requirement of notice of injury as a condition precedent to an action, while valid and in accord with sound public policy, is in derogation of common right, and should therefore be construed with reasonable strictness and not extended by implication beyond its own terms or held to apply to such damages as are not within its clear intent. 28 Cyc. 1450. Notice of injury to property is not clearly expressed, nor can it be said that the intent to include such injury is clearly manifest.

We conclude that the Court of Civil Appeals correctly held that the trial court erred in sustaining the general demurrer to the petition, the same stating a cause of action for recovery for injury to property, but we hold the petition subject to special exception in failing to allege notice of injury to the person.

We are of opinion that the judgment of the Court of Civil Appeals reversing the judgment of the district court and remanding the cause should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.