THE CITY OF TERRELL V. JAMES R. HOWARD.

No. 6987. Decided January 5, 1938.
(111 S. W., 2d Series, 692.)

*Morris Brin*, City Attorney, *M. F. Cate*, and *Bond & Porter*, all of Terrell, for plaintiff in error.

With a valid ordinance and an invalid charter provision regulating the same thing, it was error for the trial court not to sustain the plea in abatement of the city with reference to the giving of notice within 30 days. Dallas v. Young, 28 S. W. 1036; Geo. L. Simpson & Co. v. Lubbock, 17 S. W. (2d) 163; City of Dallas v. Shows, 212 S. W. 633.

*Bumpass & Killough*, of Terrell, for defendant in error.

Where an ordinance gives only thirty days in which to give notice of injury and a charter provision allows ninety days, it is fundamental that in such conflict the ordinance must give way to the charter provision. Vosburg v. McCrary, 14 S. W. 195; Miller v. Burch, 32 Texas 208; City of San Antonio v. Walters, 253 S. W. 544.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

James R. Howard, defendant in error here, was awarded judgment for damages for personal injuries against the City of Terrell. He alleges that his injuries were sustained by falling at night into an open ditch extending across one of the sidewalks of the city; that the ditch was inadequately guarded against danger and that at the time of his fall and injuries the ditch was being negligently so maintained by the city, and that his injuries resulted from such negligence. The judgment was affirmed by the Court of Civil Appeals. 85 S. W. (2d) 283. The case is before us upon application of the city. The facts are fully stated in the opinion of the Court of Civil Appeals and will be stated here, together with the holdings of the courts below, only to the extent necessary to present the questions to be determined.

Prior to the time of plaintiff's injuries the city enacted an ordinance requiring giving of written notice of injuries as a condition precedent to liability for damages on account of such injuries. The ordinance reads:

"Before the City of Terrell shall be liable for damages of any kind the person injured, or some one in his behalf shall give the Chairman of the Commission or City Secretary notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where and how the injury occurred and the extent thereof. The City of Terrell shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway or grounds, or any public work of the City, unless the specific defect causing the damage or injury shall have been actually known to the Chairman of the Commission or City Engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, unless the attention of the Chairman of the Commission or City Engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage and proper diligence has not been used to rectify the defect after actually known or called to the attention of the Chairman of the Commission or the City Engineer, as aforesaid."

Contention is made by the city that the trial court erred in not sustaining its motion for an instructed verdict because it conclusively appeared that plaintiff failed to comply with the terms of the thirty day notice provision of the foregoing ordinance, and that the Court of Civil Appeals erred in affirming the judgment. It is established that plaintiff did not file notice

of having received his injuries until 74 days after they were sustained.

■ The ordinance of the city above quoted is in all material essentials, so far as the question here presented (involving injury to the person) is concerned, in the exact language of the article of the Dallas city charter, which was construed and its effect determined in City of Dallas v. Shows, (Com. App.) 212 S. W. 633. It was held in that case that compliance with the thirty day notice provision of the charter there in question was a condition precedent to a right of action against the city on the part of plaintiff, who claimed to have sustained *personal* injuries on account of the negligent construction and maintenance by the city of one of its sewers. The holding in that case as it applies to *notice of injuries to the person,* has become the settled law of this State. Cawthorn v. City of Houston, (Com. App.) 231 S. W. 701; Allen v. City of Navasota, (Com. App.) 53 S. W. (2d) 457; City of Fort Worth v. Shero (writ refused), 16 Texas Civ. App. 487, 41 S. W. 704; City of Waco v. Watkins, 292 S. W. 585; City of Beaumont v. Baker, 95 S. W. (2d) 1365; Dillon, Municipal Corporations, (5th ed.) Sec. 1613.

The present case, it should be stated, does not involve the question of injury to property, or the twenty-four hours notice provision of the ordinance above set out with respect to any defect in a public street, condemned in Hanks et al. v. City of Port Arthur hereinafter cited and discussed.

The City of Terrell is a so-called "home rule" city. Page 59 of the book containing the city's special charter and amendments, reads:

"An ordinance prescribing conditions precedent *before suit shall be maintained against the City of Terrell, securing consent of the City Commission;* repealing all laws in conflict and declaring an emergency.

"BE IT ORDAINED by the Commission of the City of Terrell, that *no suit for damages for any injury to any person or property shall be brought against the City of Terrell without first obtaining the consent of the Commissioners, or a majority thereof, at a regular meeting to bring said suit.* The consent to sue the City of Terrell shall not be granted, unless the party claiming the injury to his person or property shall notify the Chairman of the Commission in writing *within 90 days* after the injury or damage, of the time, place and circumstances of the injury, provided, however, that nothing in the following shall be construed to mean that the City shall not compensate sufficient every person suffering injury to the person or property

but it is specially ordained to be the duty of the City Commission to carefully investigate every complaint and to do justice. All laws and parts of laws in conflict herewith are expressly repealed. The fact that there is no adequate law to protect the City from suits brought against it and to regulate the bringing of suits against the City of Terrell creates an emergency and an imperative public necessity that the rule requiring ordinances to be read on three several days be suspended, and the same is hereby suspended and this ordinance take and be in force on and after same has been approved by a majority of the qualified voters at an election held for that purpose on the 16th day of October, A. D. 1913." (Italics ours.)

■ Plaintiff in order to bring himself from under the 30 day notice requirement of the ordinance with which he had not complied, invoked the 90 day notice provision of the foregoing charter amendment. The Court of Civil Appeals assumed the validity of the amendment, at least to the extent of the 90 day notice provision. This provision of the amendment was given the force and effect of repealing the 30 day notice requirement of the ordinance, and the trial court's judgment was affirmed under the view that the 90 day provision of the ordinance had been complied with by plaintiff.

If the 90 day notice provision of the amendment is valid, as assumed by the Court of Civil Appeals, the view upon which the case was affirmed is likewise correct; but if invalid, the 30 day notice provision of the ordinance is controlling, and the trial court, upon the authority of the cases above cited, should have granted defendant's motion for an instructed verdict.

It is necessary preliminary to determining the question of the validity of the 90 day provision to examine the charter amendment of which it appears to be an essential part, to ascertain the effect upon plaintiff's rights of the amendment viewed as a whole.

The amendment is set out above in its entirety. It is obvious from its terms that its effect, if upheld, is to deny plaintiff recourse to the courts for the purpose of adjudicating his claim. The right of the claimant to resort to the courts to determine his alleged right of recovery against the city is by the terms of the amendment taken away and in its stead is substituted the privilege therein provided the claimant of abiding the will of a majority of the commissioners with respect to his right of recourse to the courts. The city by the enactment of the amendment solemnly ordained as a part of its basic law that "no suit for damages for any injury to any person" should be brought against it "without first obtaining the consent" of at least a

majority of the commissioners. Obviously the effect of the amendment viewed in its entirety is clearly to violate plaintiff's constitutional guaranty that "All courts shall be open, and every person for an injury done to him in his * * * person * * * shall have remedy by due course of law." Constitution of Texas, Art. 1, Sec. 13.

That such a charter provision is void is not an open question in this State. Hanks et al. v. City of Port Arthur, 121 Texas 202, 48 S. W. (2d) 944, 83 A. L. R. 278. The suit in the case cited was by H. M. Hanks and wife against the city to recover damages for personal injuries sustained by Mrs. Hanks from a fall caused by slipping into a hole in one of the city's sidewalks. While the obvious purpose of the section of the city charter there involved was to exempt the city from liability, it did not provide in terms that no suit should be filed against it without its consent. In this particular the vice in the charter provision there involved is less obvious than that pointed out in the amendment in the present case. Suit could be filed under the terms of the charter provision involved in the City of Port Arthur case, but liability could be established only upon conditions that made recovery by the claimant practically impossible. This Court, opinion by Chief Justice Cureton, held the charter provision void, assigning among other reasons for its invalidity that it was violative of the article and section of the Constitution quoted above. For the same reason the charter amendment involved in this case is void.

It will be noted that the question concerning the validity of the 90 day provision of the amendment is not whether the city under authority conferred by the Legislature can exempt itself from liability for damages arising out of the discharge of some particular type of governmental function. That question is not before us. The precise question is whether the 90 day notice provision of the amendment is void.

■ It is apparent from the language of the amendment that its provisions are not separable, and that the 90 day requirement and the "consent to sue" clause are mutually dependent. The giving of the notice "within 90 days after the injury" is the sole condition upon which consent to sue may be granted. There is nothing in the language of the amendment to warrant the conclusion that the commissioners would have enacted it unless they believed all of its provisions would be carried into effect. The provisions being inseparable the entire amendment falls, including the 90 day notice provision thereof. Crossman v. City of Galveston, 112 Texas 303, 247 S. W. 810, 26 A. L. R. 1210; City of Amarillo v. Tutor, 267 S. W. 697.

Plaintiff not having given the city notice of his injuries until 74 days after they were received, defendant's motion for an instructed verdict should have been granted. The Court of Civil Appeals erred in affirming the trial court's judgment.

The judgments of both courts are reversed and set aside and judgment is here rendered for defendant, plaintiff in error here.

Opinion adopted by the Supreme Court January 5, 1938.