**HALLMAN v. CITY OF PAMPA.**

**No. 5246.**

Court of Civil Appeals of Texas. Amarillo.
Jan. 13, 1941.

Rehearing Denied Feb. 10, 1941.

Willis & Via, of Pampa, for appellant.

Walter E. Rogers, Wm. Jarrell Smith, and R. F. Gordon, all of Pampa, for appellee.

FOLLEY, Justice.

This suit was filed by the appellant, Roy Hallman, against the appellee, City of Pampa, a municipal corporation, to recover damages for injuries alleged to have been suffered by Hallman's wife when she fell in a street in Pampa which the appellee was paving, the fall alleged to have been caused by her stumbling over debris which had accumulated in the street during the course of the construction work. The City of Pampa answered with numerous exceptions and demurrers to appellant's petition, and the action of the court upon the same amounted to the sustaining of a general demurrer. The appellant declined to amend and the trial court dismissed the suit.

The City of Pampa is a home-ruled city operated on the city manager plan under a special charter with its governing _body consisting of three commissioners, one of whom is the mayor. Section 8 of Article II of the charter of such city provides:

*"Exemption from Liability for Damages:* Before the City of Pampa shall be liable for damages of any kind, the person injured or some one in his behalf, shall give the Mayor or City Commissioners notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where and how the injury occurred and the extent thereof. The City of Pampa shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway, or grounds, or any public work of the city unless the specific defect causing the damage or injury shall have been actually known to the Mayor, or some other member of the Commission by personal inspection for a period of at least

twenty-four hours prior to the occurence of the injury or damage, or unless the attention of the Mayor or a member of the Commission shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurence of the injury or damage, nor further, unless in either case proper diligence has not been used to rectify the defect after it is actually known by, or called to the attention of the Mayor, or a member of the Commission as aforesaid."

The chief controversy in this case concerns the first portion of the above-quoted provision from the charter. The exceptions and demurrers of the city were directed principally against the failure of the appellant's pleadings to show a compliance with the notice provision of the exemption.

From the pleadings it is conceded that the appellant and his wife did not, nor did any one in their behalf, give the mayor or the city commissioners notice in writing of the injury within thirty days after the same was suffered. The injuries were alleged to have been received on December 6, 1938. It was not until April, 1939 that the claim was filed with the city commission. The appellant pleaded a waiver before and after the expiration of the thirty-day period and asserted an estoppel by reason thereof against the city's claiming the exemption. We shall not go into detail as to the allegations of the appellant in this connection but shall merely recite the essential elements of the petition germane to the issue. After setting out in his pleadings the quoted provision from the charter the appellant alleged substantially as follows: that the city manager and the city attorney visited the scene of the injury before thirty days had expired after the accident; that the city manager in the presence of the city attorney thereupon told the appellant that it did not make any difference whether any claim was filed within thirty days but·that the appellant could make out the claim later and go before the city commission, which the appellant agreed to do; that the appellant relied upon such representations, otherwise he would not have failed to file the claim within the thirty-day period; that the claim was filed in April, 1939; that after such claim was filed the appellant received a letter from the city manager in which it was stated that the city commission had rejected the claim; that the

only persons connected with the city who made any statements to the appellant within the thirty-day period were the city manager and the city attorney, each of whom by virtue of the duties imposed upon him by the city charter was authorized either expressly or impliedly to bind the city to allow the appellant to file the claim after the thirty-day period and thus waive the necessity of filing the written notice within such period; and that by reason of the above facts and circumstances the appellee was estopped to claim the exemption from liability.

It will be noted that the latter portion of the above-quoted provision from the city charter was an attempt to relieve the appellee from liability for injuries arising from defects in streets or public grounds unless the specific defect causing the damage should have been known to the mayor or some other member of the commission for twenty-four hours prior to the injury. In the case of Hanks et ux. v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, 83 A.L.R. 278, the Supreme Court of this State held that a similar provision in the charter of the City of Port Arthur violated sections 13 and 17 of article 1 of the Constitution of Texas, and was therefore void. For this reason the latter portion of the quoted provision shall not be further noticed.

As far as personal injuries are concerned the remainder of the provision requiring notice of the claim for damages to be filed with the mayor or city commissioners within thirty days is apparently valid, the performance of which is a condition precedent to the accrual of liability against the city; and this is true even though the injury was the result of an act of the city itself. City of Dallas v. Shows, Tex.Com.App., 212 S.W. 633; City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Parsons v. City of Ft. Worth et al., 26 Tex.Civ.App. 273, 63 S.W. 889, writ of error refused; Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; City of Waco v. Watkins et al., Tex. Civ.App., 292 S.W. 583; City of Beaumont v. Baker et ux., Tex.Civ.App., 95 S.W.2d 1365; City of Waco v. Thralls, Tex.Civ. App., 128 S.W.2d 462; 30 Tex.Jur. 555, para. 307; Cole v. City of St. Joseph, Mo. Sup., 50 S.W.2d 623, 82 A.L.R. 742.

In the Cawthorn case, supra, it was held that the requirement for filing notice of the claim might be waived by the duly

authorized city officials provided the waiver occurred before the expiration of the period for the filing of the same. Although the precise question was not before the court in that case as to the power of the duly authorized city officials to waive the provision after the expiration of the time for filing the notice, the court indicated that it doubted such officials possessed such authority. By virtue of this indication from the Commission of Appeals, and for the further reason that the facts alleged. in appellant's petition failed to show a waiver after the expiration of the thirty-day period, we shall confine our discussion to the alleged waiver by the city manager and city attorney prior to the expiration of the time for the written notice. 43 C.J. 1211, para. 1981. The issue is thus reduced to the single question as to whether or not these named officials were authorized to make the waiver and bind the city.

We think a fair analysis of the pleadings of the appellant will exclude the conduct of the city attorney from consideration on this question. He was apparently included in the allegations because of his presence during the conversation between the appellant and the city manager. It is not alleged that he made any representations or statements to the appellant. The burden of appellant's allegations on the question of waiver is based solely upon the asserted representations of the city manager. Therefore, our disposal of the question relative to the authority of the city manager will dispose of the whole issue.

The charter of the City of Pampa provides that the municipal government of the city shall consist of the city commission which shall be composed of three commissioners, one of whom shall be the mayor. Such commission only is empowered to enact all ordinances and resolutions and adopt all regulations. It alone constitutes the legislative and governing body of the city, possessed of all the powers granted by the charter. The city manager is appointed by the commission and holds his office only at its will. Such city manager is designated as the administrative head of the municipal government and is responsible for the efficient administration of all departments of the city. It is his duty to see that all the laws and ordinances of the city are enforced. He may, with the advice and consent of the commission, appoint all appointive officers or employees of the city. He shall exercise control and supervision over all departments and offices that may be created by the commission and all officers and employees appointed by him. He is authorized to attend all meetings of the commission with the right to take part in the discussion, but having no vote. He shall recommend in writing to the commission such measures as he may deem necessary or expedient. He shall keep the commission fully advised as to the financial condition and needs of the city and perform such other duties as he may be required by the charter or which may be required of him by ordinance or resolution of the commission. Such is the official capacity of the city manager of the appellee city.

The exact question as to the authority of a city manager to bind the city upon such a waiver as is herein involved seems never to have been directly passed upon in this jurisdiction and only inferentially in other jurisdictions. Several cases in this and other states, however, may by analogy shed some light upon the question.

In the early case of City of Ft. Worth v. Shero 16 Tex.Civ.App. 487, 41 S.W. 704, 705, 706; writ of error denied, notice of an injury was required to be given the city council within thirty days after the same occurred. The notice was given the city secretary of the City of Fort Worth within the time limit but was not given to the city council. In that case the Court of Civil Appeals held, with the approval of the Supreme Court, that notice to the city secretary was insufficient. In such case it is said: "The question in this case is whether the city of Ft. Worth is liable for the damages appellee has sustained by reason of the injuries he received on the night of the 11th of May, 1895, he having failed to deliver this notice to the city council within the 30 days prescribed by the section of the charter above quoted. The legislature has prescribed that the city shall not be liable unless the notice is given in writing within 30 days after the injury shall have been received. The injury was received at the time he stumbled and fell, although the doctor, as is usual in such cases, was then and for some time afterwards unable to state the extent and permanency thereof. The statute makes no allowance for this. The notice must be given to the city council. The section under consideration does not provide that

notice shall be given to the city. If it did, we might reasonably conclude that service on the city secretary, or mayor, or other officer of the city upon whom citations may be served in case of suits against the city, would be sufficient."

In the case of Puckett & Wear v. City of Ft. Worth, Tex.Civ.App., 180 S.W. 1115, it was held that in order to charge the City of Fort Worth with the negligence of its engineer in giving incorrect grades for laying of cement walks it was necessary to give notice to the board of commissioners as required by the charter even though the city engineer knew of his own negligence.

The case of City of Beaumont v. Baker et ux., Tex.Civ.App., 95 S.W.2d 1365, holds that notice of the injury which was sent to the city clerk was an insufficient compliance with a charter provision that notice of the injury be filed with the city commission.

In the more recent case of the City of Waco v. Thralls, Tex.Civ.App., 128 S.W.2d 462, it was held that the city physician had no authority to waive the filing of such a claim and thereby bind the city where the charter required the claim to be filed with the city secretary.

In Jones v. City of Fort Worth, Tex. Com.App., 267 S.W. 681, the Commission of Appeals held that under a charter requiring notice to be served upon the board of commissioners, written notice served upon one of the commissioners, who was commissioner of streets and a member of the board, was a sufficient compliance with the requirement.

In Cawthorn v. City of Houston, Tex. Com.App., 231 S.W. 701, in an action against the City of Houston for personal injuries, it was held that where a city commissioner was authorized by the mayor and commissioners to approach the claimant and offer him a compromise and invite him to their office to discuss the matter, such conduct presented a fact issue as to whether or not there was a waiver of a strict compliance with the charter requirement as to this notice. It was further held in such case that the mayor and other commissioners could authorize the one commissioner to act for them and that if he was their agent they were all bound by his act.

In Nicholaus v. City of Bridgeport, 117 Conn. 398, 167 A. 826, the Supreme Court of Errors of Connecticut held that an assistant city clerk of the City of Bridgeport could not waive the compliance with the statute requiring notice of injuries or by accepting defective notice estop the city from taking advantage of the failure to comply with the statute.

In Welu v. City of Dubuque, 202 Iowa 201, 209 N.W. 439, the Supreme Court of Iowa held that the city solicitor's waiver of the statute of limitations, being unauthorized, did not estop the City of Dubuque from relying upon limitations where notice of the injury was not served as required.

In Fellmeth v. City of Yonkers, 222 App. Div. 815, 226 N.Y.S. 158, it was held that the statutory requirement for notice and written claim for injuries from a defective street could not be waived by corporation counsel.

To the same effect are the following cases: Merwin v. City of Utica, 172 App. Div. 51, 158 N.Y.S. 257; Rogers v. City and County of Honolulu, 32 Haw. 722.

■ In the light of the above authorities, and others upon the subject, we are of the opinion that the city manager of the City of Pampa, under the allegations of the appellant and under the provisions of the city charter of which we must take judicial knowledge, art. 1174, Vernon's Ann.Civ. Statutes, was without authority to bind the city on the issue of waiver and estoppel. No such authority was conferred upon him by the city charter. Under such charter the notice was not required to be filed with him but with the city commission, which body was the only authority which could take cognizance of such claims and act thereon. The city manager possessed only such authority as might be given him by the charter or by the governing body of the city. It was not alleged that at the particular time the representations were made he was acting under the express orders of the commission, if such fact would have authorized him to make the waiver, which we are not required to pass upon. We think it would be a hazardous doctrine of far-reaching effects to announce the rule that any officer or employee of a city, not expressly so authorized, could bind or estop the city in matters of this kind which are placed exclusively within the authority of the city commission. Such a situation could certainly not arise, if at all, until it was clearly shown that the conduct of the subordinate officer was so closely related to the expressed will of the

governing body as to constitute his act that of the commission itself. No such circumstances are shown to exist in this case.

We therefore hold that the appellant failed to allege a cause of action and there was no error in the action of the trial court in sustaining the general demurrer. Starling v. Incorporated Town of Bedford, 94 Iowa 194, 62 N.W. 674; Dalton v. City of Salem, 139 Mass. 91, 28 N.E. 576; Kennedy v. Mayor, etc. of City of New York, 18 Misc. 303, 41 N.Y.S. 1077; Shea v. Lowell, 132 Mass. 187; Veazie v. Rockland, 68 Me. 511; Cole v. City of Seattle, 64 Wash. 1, 116 P. 257, 34 L.R.A.,N.S. 1166, Ann.Cas. 1913A, 344.

The judgment is affirmed.