Henry Edwin PACE, Administrator, Appellant,

v.

C. L. MUNDAY et al., Appellees.

No. 6861.

Court of Civil Appeals of Texas.

Amarillo.

April 20, 1959.

Edward B. Nobles, Amarillo, for appellant.

Culton, Morgan, Britain & White, and Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

PITTS, Chief Justice.

This is a damage suit filed by appellant, Henry Edwin Pace, administrator of the estate of his minor son, Oscar Oliver Pace, deceased, against appellees, the City of Amarillo, Texas, and C. L. Munday, alleging damages by reason of the drowning of the said deceased in a lake located in a public park in the said City as a result of the alleged negligence of the said appellees. Appellant further alleged in effect that prior to June 24, 1952, C. L. Munday owned the 48.96 acres of land here involved but on the said date he deeded it to the City of Amarillo to be used for public park purposes with a provision that he as grantor be allowed to excavate and remove soil from approximately 10 acres of the lower part thereof and that both of the said appellees did thereafter excavate and remove

soil from a portion of the said land causing water to accumulate as a lake which constituted an attractive nuisance to Oscar Oliver Pace, then 12 years old, and that the said appellees negligently failed to place any danger warnings near the lake or about the premises thereof; that on May 12, 1956, while Oscar Oliver Pace and his younger brother were wading in the said lake without being aware of any danger, Oscar Oliver Pace stepped into a very deep portion of the lake caused by excavation and drowned; that on August 21, 1956, letters of administration on the estate of the said deceased minor were issued to appellant herein by the probate court of Potter County and he duly qualified as such administrator on the same day and thereafter on August 24, 1956, he as such administrator gave written notice to the mayor and city commission of the City of Amarillo of the death of the said minor and attached a copy thereof to his pleadings.

Both appellees joined issues with appellant but we shall first consider the pleadings and the disposition made of the case as against the City of Amarillo, which filed a special exception to appellant's pleadings, alleging in effect that appellant's suit as against the City should be abated because appellant's own pleadings reveal that Oscar Oliver Pace drowned on May 12, 1956, but notice to the city mayor and commission as a prerequisite to his claim and suit was not given until August 24, 1956, which was 104 days after the alleged injury was sustained, contrary to the provisions of city ordinances Nos. 1745 and 2027 of the City of Amarillo which require the giving of written notice to the said city officers of such a death and claim within 30 days after the occurrence of any such accident that resulted in a death before the City of Amarillo can be held liable for any damages as a result of the death, and by an agreed stipulation of the parties copies of the said city ordinances were before the trial court and constitute a part of the transcript before this Court. As a result of a hearing held before the trial court the said special excep-

tion of the City of Amarillo was sustained and appellant was given leave to amend, but having declined to do so the suit was dismissed by order of the trial court as to the City of Amarillo, to which order appellant excepted and perfected an appeal to this Court.

As against appellee, the City of Amarillo, appellant presents one point contending in effect that the trial court erred in sustaining the special exception of the said appellee and in dismissing the suit as to it upon appellant's refusal to amend his pleadings.

The city ordinances in question provide that:

"Section II: Before the City of Amarillo shall be liable for damages for the death or personal injuries of any person, the person injured, if living, or his representatives, if dead, shall give the Mayor or the City Commission notice in writing of such death or injury, duly verified, within thirty days after same has been sustained, stating in such written notice when, where and how the death or injury occurred, the apparent extent of any such injury, the amount of damages sustained, the actual residence of the claimant by street and number at the date the claim is presented, the actual residence of such claimant for six months immediately preceding the occurrence of such death or injury, the name and address of all witnesses upon whom it is relied to establish the claim for damages.

\* \* \* \* \* \*

"Section III: The failure of any claimant to notify the Mayor or the City Commission of the City of Amarillo in the manner required in this ordinance shall exonerate, cause and exempt the City of Amarillo from all liability whatsoever."

In the case of Hallman v. City of Pampa, 147 S.W.2d 543, 544 (writ refused) this

Court construed a City of Pampa charter provision very similar to the city ordinances here involved and identical as to the 30 days notice requirement to be given to the city officers as a prerequisite to a claim for damages as a result of injuries. In that case the injuries were received on December 6, 1938, but notice was not given to the mayor and city commissioners until April, 1939. The question of failure to comply with the 30 days notice provision by the complaining party was there raised by exceptions which were sustained and the suit was dismissed by the trial court after a refusal to amend the pleadings, just as was done in the case at bar wherein the same identical question has been here raised. In that case the trial court's judgment was affirmed by this Court and a writ of error was thereafter refused by the Supreme Court. This Court there said in part:

"As far as personal injuries are concerned the remainder of the provision requiring notice of the claim for damages to be filed with the mayor or city commissioners within thirty days is apparently valid, the performance of which is a condition precedent to the accrual of liability against the city; and this is true even though the injury was the result of an act of the city itself. City of Dallas v. Shows, Tex.Com. App., 212 S.W. 633; City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Parsons v. City of Ft. Worth, 26 Tex. Civ.App. 273, 63 S.W. 889, writ of error refused; Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; City of Waco v. Watkins, Tex.Civ. App., 292 S.W. 583; City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365; City of Waco v. Thralls, Tex. Civ.App., 128 S.W.2d 462; 30 Tex. Jur. 555, para. 307; Cole v. City of St. Joseph, Mo.Sup., 50 S.W.2d 623, 82 A.L.R. 742."

A similar 30 days city charter written notice requirement was held constitutional, valid and a condition precedent in the case of City of Waco v. Landingham, Tex.Civ. App., 158 S.W.2d 79, 80 (writ refused) wherein the trial court's judgment was reversed and judgment rendered because of a failure to meet the city charter requirements. The purpose of such notice requirement was there given in the following language:

"It is generally held that the purpose of the notice, such as is here required by the city charter, is to advise the municipality in what the alleged negligence consists and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims and to settle the claim and avoid litigation, or to prepare for trial if it decides not to make settlement. 43 C.J. 1185."

In the case of Phillips v. City of Abilene, Tex.Civ.App., 195 S.W.2d 147, 148 (writ refused) Abilene had a 30 days written notice requirement in its city ordinances, which requirement was not complied with by the complaining party in his suit for injuries sustained. The court there said in part:

"The law is well settled in Texas that an ordinance such as the one involved here, requiring a written claim for personal injury against a city to be filed within 30 days, is mandatory, and that such filing is a condition precedent before a suit can be maintained against the city for such injury. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (and cases therein cited at page 693); Johnson v. City of Glendale, 12 Cal.App.2d 389, 55 P.2d 580."

There are numerous other cases holding that such city charter written notice requirements as a condition precedent must be complied with. City of Waco v. Watkins, Tex.Civ.App., 292 S.W. 583; Cawthorn v. City of Houston, Tex.Com.App., 231

S.W. 701; City of Dallas v. Shows, Tex. Com.App., 212 S.W. 633; Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17; Brewster v. Baker, Tex.Civ.App., 139 S.W. 2d 643.

■ The rule governing such written notice requirement is not changed by the fact that death resulted from the injury in a case such as we have before us. Such was so held in the recent case of Kelley v. City of Austin, Tex.Civ.App., 268 S.W. 2d 773, wherein the Austin city charter contained a provision for notice substantially the same as that here involved and exactly the same as to the 30 days period of time for giving notice. In that case the injury that resulted in a death occurred on September 18, 1952, but appellants, who were the parents of the deceased just as we have in the case at bar, did not give notice to the City of Austin until February 3, 1953. The appellants as the complaining parties there contended that the provision for a 30 days notice was unreasonable, just as appellant seems to contend in the case at bar, but the court there held that such notice requirement was not unreasonable. Appellant herein seems to contend that notice could not be given by anyone other than a legal representative duly appointed by the court and it took time to have an administrator appointed for the estate of the deceased minor son of appellant, but the ordinance provisions do not make such a requirement. The provisions require that notice be given 30 days after the accident that resulted in the injury or death by "the person injured, if living, or his representatives, if dead." The record here reveals that appellant, who was the father of the deceased, went to the scene of the accidental drowning of his son at the lake and was there at the time or soon after the son was pronounced dead and he knew all about the existing facts and could have as a proper representative given the city a proper notice immediately after the death or he could have made application at once and have been appointed administrator of the estate of the deceased son in time to have given the city proper notice within 30 days as administrator. In fact, according to the record, the father waited until August 8, 1956, before making application for an administration and was appointed and qualified as such on August 21, 1956, which was within 13 days after the application was made and he gave notice to the city officials on August 24, 1956, only 16 days after he made application for an administration. But the father of the deceased or some other heir of the deceased (and the record shows there were others) could, as a proper representative, have given proper notice to the city within 30 days of the date of the son's death and such would have met the requirements of the city ordinances. Allen v. Stovall, 94 Tex. 618, 63 S.W. 863, 865; Barfield v. Miller, Tex.Civ. App., 70 S.W.2d 632, 636.

■ Under the record presented here and the authorities applicable thereto it is our opinion that the trial court was justified in dismissing the suit as against appellee, the City of Amarillo. We have found no authorities and none have been cited holding to the contrary in a case such as the one at bar. In an entirely different situation it has been held that a 90 days notice city charter requirement rule was not binding where the claimant in his suit pleaded and the jury found in effect that by reason of the injuries of the claimant he was physically and mentally incapable for a continuous period of 90 days from the date of his injuries to give or to direct someone else to give for him the required written notice to the city of his claim for damages. City of Waxahachie v. Harvey, Tex.Civ.App., 255 S.W.2d 549. In that case it appears from the claimant's pleadings and the existing facts in support of the pleadings that it was impossible for the claimant to give the required notice or have such done and therefore unreasonable to expect such to have been done. But no such conditions exist in the case at bar where there are no pleadings and no evidence to support any claim of incapacity of the representatives of the deceased to

give the required notice to the city. In fact, no claims of incapacity of the representatives of the deceased have been made in the case at bar.

Concerning appellant's suit as against appellee, C. L. Munday, this appellee answered denying generally appellant's allegations against him and further pleaded in effect that he had previously owned the land in question and had conveyed it to the City of Amarillo on June 24, 1952, since which time he had not owned or occupied any part of the said land and had not exercised any rights, jurisdiction or control over the same or any part of it and had not conducted any operations of any character on or in respect to such premises for a period of more than two years prior to the alleged date Oscar Oliver Pace drowned in a lake on the said land and that at the time he sold and delivered the land to the city there was no lake by reason of excavation or any sort of attractive nuisance on the land. For all of which reasons appellee, C. L. Munday, alleged he owed no duty to Oscar Oliver Pace or any one else to give warning of any existing dangers, if any existed, on the said land.

The trial court on August 25, 1958, heard the issues between appellant and C. L. Munday before a jury. At the close of appellant's testimony appellee, C. L. Munday, moved for an instructed verdict upon the grounds in effect that the evidence did not raise any issue of liability on the part of Munday to appellant since the evidence failed to show that Munday owned or exercised any control over the land in question at the time of the alleged drowning of the boy; that the evidence failed to show that Munday excavated or caused any excavation on the land that resulted in any lake on the premises or that he owed any duty to warn the said boy or anybody else of any existing dangers near the lake or in the park. The motion was sustained, the jury so instructed and judgment was accordingly rendered, from which appellant

perfected an appeal and has presented one point in this part of the appeal charging that the trial court erred in sustaining Munday's motion for an instructed verdict.

The deed of conveyance of the land in question of date June 24, 1952, executed by C. L. Munday to the City of Amarillo, was pleaded by appellant and acknowledged by both appellees. C. L. Munday was the first witness called by appellant at which time Munday gave uncontroverted positive sworn testimony fully supporting his pleadings previously herein set out. He testified also that while he did reserve the right in his deed of conveyance to the city to excavate and remove soil from some of the lower part of the said land, he had never done so and had never authorized anybody else to do so, although he knew there had been some excavation done on the land by somebody since he sold it, since which time there was some accumulated water there, but he had nothing to do with it and no control over it. The testimony of Munday was in no way controverted and there was no other evidence even tending to show that Munday was liable in any way to appellant for damages. In fact the evidence does not reveal whether or not there were other lakes in the park or whether or not the boy drowned in a lake caused by any excavation in the park by anybody.

The record reflects no evidence that could raise an issue of fact as to the liability of damages against C. L. Munday and in favor of appellant but there is strong uncontroverted evidence exonerating Munday from any liability. Consequently, according to elementary rules of law governing such circumstances as exist here, the trial court properly sustained the motion of appellee, C. L. Munday, for an instructed verdict and in rendering a "take nothing" judgment accordingly in favor of Munday and against appellant. Appellant's point to the contrary is therefore overruled.

For the reasons stated, appellant's points of error are overruled and the trial court's

judgment in dismissing the case as against appellee, the City of Amarillo, and in denying appellant any recovery as against appellee, C. L. Munday, is affirmed.