Douglas C. WAGSTAFF, Appellant,

v.

**CITY OF GROVES, Appellee.**

No. 6898.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 21, 1967.

Rehearing Denied Oct. 18, 1967.

William W. Selman and Alvin E. Wiggins, Beaumont, for appellant.

Keith, Mehaffy & Weber, Beaumont, Earl Black, Port Arthur, Donald R. Hallmark, Houston, for appellee.

PARKER, Justice.

Summary judgment was entered that Douglas C. Wagstaff and intervenor, Liberty Mutual Insurance Company, take nothing against the City of Groves by their suit for damages sustained by Wagstaff by injuries to him resulting from negligence of the City. Wagstaff as an employee of Ryder Truck Lines, Inc. was paid compensation under the Workmen's Compensation Act by the insurance company, carrier of Workmen's Compensation Insurance for the employer. Plaintiff will be called appellant and City of Groves will be called appellee.

On April 22, 1965 Wagstaff was an employee of Ryder Truck Lines, Inc. when he was injured while delivering a tank load of caustic soda by truck to the plant of City of Groves. Two city employees placed a ladder against a tank, helped him hook up his hose over the tank and left for lunch. When the caustic soda was unloaded, Wagstaff disconnected the hose upon and from the ladder furnished and placed by the City. Descending, the ladder slipped back out from under him and he was injured when falling 18 feet to the ground. He notified his employer of his injury, was taken to a hospital, given emergency treatment, sent home, and worked for 2½ months. Thereafter, about October, 1965, it was discovered he had a damaged disc and an operation was immediately performed. In August 1965 he employed an attorney who filed his claim for workmen's compensation benefits with the Industrial Accident Board. On October 6, 1965 written notice to the City of Groves was given of Wagstaff's claim against it. The charter of the City of Groves contained a provision requiring the giving of written notice of any injury within 60 days from the date of an accident injuring a person as a condition precedent to the recovery of damages for such personal injury. Summary judgment was entered because Wagstaff did not comply with such charter provision.

Wagstaff's sole point of error contends:

"The trial court erred in sustaining defendants motion for summary judgment because a city charter providing a 60 day notice provision as a condition precedent to bringing a suit in a subrogation case, would be pre-empting the workmen's compensation law, and a denial of due process."

■ The notice provision in the charter of the City of Groves is a condition precedent before a suit can be maintained against the City for such injury in the ordinary injury case. Phillips v. City of Abilene, 195 S.W.2d 147 (Eastland Civ. App.1946, wr. ref'd); Hallman v. City of Pampa, 147 S.W.2d 543 (Amarillo Civ. App.1941, wr. ref'd); City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (Tex.Com.App.1938, opin. adopted by S.Ct.).

Article 8307, Section 6a provides:

"Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable

cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without · notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof. [Acts 1917, p. 269.]"

Wagstaff exercised his option to first proceed· for his benefits under the Workmen's Compensation Act. On November 5, 1965 the award was made to Wagstaff by the Industrial Accident Board with his notice of appeal mailed November 8, 1965. Subsequently, he settled his claim for workmen's compensation benefits against Liberty Mutual Insurance Company, the workmen's compensation carrier for Ryder Truck Lines, Inc. The instant suit was then filed by Wagstaff against the City of Groves on December 11, 1965. Liberty Mutual Insurance Company later intervened to recover its subrogated interest in the amount of $6,372.25.

█ City of Groves is a home rule city existing under Article 11, Section 5 of the State Constitution, Vernon's Ann.St. Its charter powers are plenary subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the State and Federal Constitutions or the general laws enacted by the Legislature. Janus Films, Inc. v. City of Fort Worth, 354 S.W.2d 597 (Tex.Civ.App.1962, wr. ref'd n. r. e.); City of Austin v. Clendennen, 323 S.W.2d 158 (Tex.Civ.App.1959, wr. ref'd n. r. e.). In the latter case on page 159 the court referred to and commented on its opinion in City of Austin v. Powell, 321 S.W.2d 924 (Tex.Civ.App. 1959, wr. ref'd n. r. e.), which held that a proceeding for compensation benefits is not a common law action for damages, and notice of claim provision of Austin City Charter was not applicable to a claim for workmen's compensation where the city had elected to insure all of its employees under the Workmen's Compensation Act. The comment in City of Austin v. Clendennen, supra, is:

"In City of Austin v. Powell, [Tex.Civ App.,] 321 S.W.2d 924, we held that Art. XII, Sec. 7 of the Austin city charter was not applicable to a claim for workmen's compensation for the reason that the claim was not against the city in its capacity as employer but in its capacity as insurer."

In State ex rel. Rose v. City of La Porte, 386 S.W.2d 782, 785 (S.Ct.1965), referring to a Home Rule City, the court held, "The governing body of a city is not required to look to the Legislature for a grant of power to act. Such power is given by the Constitution. The governing body only looks to the Acts of the Legislature to ascertain if it has placed any limitations on the power to act as granted by Article XI, Section 5."

In City of Sweetwater v. Geron, 380 S.W. 2d 550, 552 (S.Ct.1964), it was held that when the Legislature limits the broad power granted to home rule cities by the Constitution, Art. XI, Section 5, its intention to do so should appear with unmistakable clarity.

█ The rule of construction we should follow in passing upon appellant's point of error is set forth in the above opinions by the Supreme Court and as set forth in City of Beaumont v. Fall, 116 Tex. 314, 291 S.W. 202, as follows:

"Of course, a general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. In other words, both will be enforced if that be possible under any reasonable construction, just as one general statute will not be held repugnant to another unless that is the only reasona-

ble construction. Chief Justice Phillips has laid down the test for determining the repugnancy of two general statutes in the case of Cole v. State, [ex rel. Cobolini,] 106 Tex. 472, 170 S.W. 1036."

"Though they may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them." Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S.W. 1036.

■ Wagstaff has been paid for his injuries the full compensation provided by the Act. His right of recovery at common law for injuries negligently inflicted upon him by the City of Groves was a property right belonging to him. The cause of action, burdened by right of Liberty Mutual Insurance Company to recoup itself for the compensation paid, belonged to him, not because of any provision of the Compensation Act, but by virtue of common law right. Independent-Eastern Torpedo v. Herrington, 95 S.W.2d 377, 379 (Comm. of App.1936, opin. adopted by S.Ct.). His cause of action at common law was not barred by the Act.

Art. 8307, Sec. 6a by its treatment of the action against the third party tort-feasor only provided that the employee's right at common law against the third party tort-feasor could not be maintained until after settlement of the workmen's compensation claim, if the employee elected first to sue under the Compensation Act. No new cause of action or property right in Wagstaff against City of Groves was created by Art. 8307, Sec. 6a.

■ A reasonable construction of both the charter provision and the statute would leave both in effect. There is nothing in-

consistent about requiring an injured party to give the notice of injury required by the charter provision even though it was his intention to proceed first against the compensation insurance carrier. There is no logical reason why a person suing a city for damages for negligence should be in a better position if he has a compensation claim, than one who has not, so far as the requirement for "notice" is concerned.

In 37 Tex.L.Rev. there is a discussion by Allan H. McCoid styled "The Third Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers", and on page 430, citing Texas cases, his analysis is as follows:

"Although the Texas statute speaks in terms of optional remedies, the courts have recognized that the injured worker owns his right of action against the third person subject only to the right of the insurer to indemnification from the proceeds of the action for the amounts paid to the worker. Having pursued his remedy against the third party, the worker is specifically precluded from recovery of compensation by the language of the act, but if the compensation is first obtained, the action against the third party is not barred. The amount of compensation benefits is to be paid to the insurer from the recovery, but the jury is not informed of the existence of compensation nor the amount of benefits."

The notice of injury provision in the Charter of the City of Groves is not in conflict with or repugnant to Art. 8307, Sec. 6a, V.A.C.S. Wagstaff nor anyone for him complied with notice provision in such charter. Not having complied with this provision, appellant could not maintain his suit. Appellant's point of error is overruled.

Judgment of the trial court affirmed.