**Paul BENEDICT, Appellant,**

v.

**CITY OF FORT WORTH, Appellee.**

**No. 17056.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 24, 1969.

Rehearing Denied Dec. 5, 1969.

Kelly Jacobs, Richard H. Moore, Jr., and John W. Hughes, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., and Henry C. Meyer, Asst. City Atty., Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

This is an appeal by plaintiff, Paul Benedict, from a judgment dismissing his case against the City of Fort Worth; the dismissal was based upon plaintiff's failure to comply with the jurisdictional prerequisites and conditions to maintain suit as set forth in Sec. 26, Chapter XXVIII of the Charter of the City of Fort Worth.

Material allegations in plaintiff's First Amended Original Petition were, (II) plaintiff (a city employee) * * * "while going about his usual duties, he sustained and suffered severe, painful, and permanent personal injuries, which have totally disabled him since that time, and have prevented him from obtaining gainful employment"; (III) . "It is a matter of custom, practice, and policy, when a workman, employed by the Defendant, is injured on the

job, for the Defendant to pay all necessary medical expenses for treatment of any such injured workman and to continue to carry him on the payroll and pay him while he is unable to work due to such injuries" * * * that such custom, practice, and policy upon the part of the City is a part of a contract of employment with its various workers; (IV) "The City of Fort Worth breached its contract of employment with the Plaintiff by failing, refusing, and neglecting to provide him with necessary medical attention and * * * refusing * * * to continue to carry him upon the payroll of the City of Fort Worth" to plaintiff's damage of $553.15 medical expenses and $4,334.00 loss in wages. Wherefore, plaintiff prayed for his damages, costs, etc.

The City's plea to the jurisdiction set out in full the above cited provisions of the City Charter. In substance. Sec. 26 provides notice of a claim for damages against the City shall be filed within 60 days from the date of injury, and refers specifically to "damages for personal injury of any kind, or of injury to or destruction of property of any kind."

It is undisputed that notice of plaintiff's claim was not filed within the time limit set by the City Charter.

Plaintiff's point of error that the court erred in sustaining the City's plea to the jurisdiction is predicated upon the theory that his suit is based upon breach of an implied contract by the City to pay his medical expenses and for time lost from work.

No contention is made that plaintiff had an express contract with the City.

There was no pleading that the City had ever, by ordinance or otherwise, provided for payment of claims such as plaintiff's.

In support of his position plaintiff relies upon Geo. L. Simpson & Co. v. City of Lubbock, 17 S.W.2d 163 (Tex.Civ.App., 1928, writ dism.), and City of Lubbock v.

Johnston, 299 S.W.2d 764 (Tex.Civ.App., 1957, ref., n. r. e.). Both cases were suits based upon written contracts which the City had valid authority to execute.

■ It has long been the law in Texas that a charter provision or an ordinance requiring a written claim for personal injury against a city to be filed within a specified number of days is mandatory, and such filing is a condition precedent before a suit can be maintained against a city for such injury. City of Houston v. Isaacs, 68 Tex. 116, 3 S.W. 693 (1887); City of Dallas v. Shows, 212 S.W. 633 (Tex.Com.App., 1919); Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Com.App., 1921); Phillips v. City of Abilene, 195 S.W.2d 147 (Tex.Civ.App., 1946, writ ref.); Robinson v. City of Hereford, 324 S.W.2d 313 (Tex.Civ.App., 1959, ref., n. r. e.); City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (Tex.Com.App., 1938); Wedgworth v. City of Fort Worth, 189 S.W.2d 40 (Tex.Civ.App., 1945, writ dism.).

Plaintiff's petition can only be construed as a suit for damages for personal injuries. He specifically plead that he sustained permanent personal injuries which "have prevented him from obtaining gainful employment." But for the personal injury there would have been no medical expenses and lost wages.

■ The fact that plaintiff claims to be suing for breach of an implied contract does not make it such a suit. The pleading, and relief sought, determine the nature of a lawsuit.

■ This being basically a suit for damages for personal injury, and it being admitted by plaintiff that his claim was not presented to the City within 60 days of the occurrence, the Court correctly held that plaintiff had not complied with the jurisdictional prerequisites and conditions precedent to his right to maintain the lawsuit.

The judgment is affirmed.

Affirmed.