CITY OF BEAUMONT v. BAKER et ux.

No. 2976.

Court of Civil Appeals of Texas. Beaumont.

July 1, 1936.

Rehearing Denied July 8, 1936.

M. L. Lefler and E. B. Votaw, both of Beaumont, for appellant.

W. S. Nichols, of Beaumont, and Geo. E. Holland, of Henderson, for appellees.

WALKER, Chief Justice.

On the 19th day of September, 1935, in the county court of Jefferson county at law, appellees, Charles E. Baker and wife, Myrtle Baker, recovered judgment against appellant, city of Beaumont, in the sum of $1,000, for injuries suffered by Mrs. Baker on the 25th of April, 1935, when she stepped into a hole in the 1100 block of Pope street, within the corporate limits of the city of Beaumont.

Appellees' attorney filed with Raymond Edmonds, "city clerk of the city of Beaumont," the following notice of Mrs. Baker's injuries:

"Beaumont, Texas, May 8, 1935. To the Honorable City Commission of the City of Beaumont: Gentlemen: In accordance with Subsection 31 of Section 70 of the Charter of the City of Beaumont we are filing with you this notice in writing of personal injuries received by Mrs. Myrtle Baker, wife of Charles E. Baker. The injury occurred in the 1100 block of Pope Street and happened at about eight o'clock in the morning on the day of April 25th, 1935. Mrs. Baker was walking on said street when she stepped into a deep irregular hole in the Street, thereby twisting and breaking her ankle and throwing her to the ground with great violence and pain. Due to said injuries, Mrs. Baker has been in a very nervous and precarious condition since that time and has suffered and will continue to suffer excruciating pain and will probably suffer a permanent personal injury, all to her damage in the sum of Ten Thousand ($10,000.00) Dollars. On account of said injuries, Mrs. Baker has been confined to her bed since said accident and will be so confined for a long time in the future, and will be unable to attend to her household duties and will in all probability be permanently disabled in the future and will be unable to attend to her household duties, all to the damage of Charles E. Baker in the sum of two thousand, five hundred ($2,500.00) Dollars. The name and address of the only person witnessing the injury so far as known is Bethal Martin, 1125 Pope Street, Beaumont, Texas.

"Wherefore: Mrs. Myrtle Baker and her husband, Charles E. Baker, file this claim against the City of Beaumont, for their damages on account of said personal injuries in the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars."

The following are the pertinent sections of the charter of the city of Beaumont:

Subsection 31 of section 70. "Before the City of Beaumont shall be liable for damages of any kind the person injured, or whose property is damaged, or some one in his behalf, shall file with the Commission a notice in writing of such injury within sixty (60) days after the same has been received, stating specifically in such notice when, where and how the injury occurred and the extent thereof, and the names and addresses of any person or persons, if any, witnessing the same, if such names and addresses can be ascertained by reasonable diligence."

Section 52. "The Commission shall elect some qualified person whose duty it shall be to attend all meetings of the Council and Commission and keep a correct record of all business transacted by them. He shall be custodian of the seal of the City, and shall draw and sign all warrants or orders for the payment of money. He shall be known as the 'city clerk.' He shall attest all bonds and obligations of the city for the payment of money. He shall answer for the correct performance of his duties to the Commission, and to the council in its supreme capacity."

The commission of the city of Beaumont consists of the mayor and two of the aldermen. Raymond Edmonds was not a member of the commission. The only

notice appellees gave to appellant of the injury to Mrs. Baker was the notice given by her attorney to Raymond Edmonds. There was no evidence as to when this notice was given to Mr. Edmonds, and there was no evidence that he ever delivered the notice to the commission. On this statement, the notice given to Raymond Edmonds was insufficient to support the judgment in the following respects:

■ First. The notice to Raymond Edmonds did not meet the requirements of the charter that the person injured "shall file with the Commission" a notice in writing of the injury. Mr. Edmonds was not a member of the commission, and there was no charter provision authorizing him to receive notices for the commission, or to be served in the name of the commission. The following authorities support the conclusion that service of the notice upon Mr. Edmonds was not in compliance with subsection 31 of section 70 of appellant's charter: Parsons v. City of Fort Worth, 26 Tex.Civ.App. 273, 63 S.W. 889; Luke v. City of El Paso (Tex.Civ.App.) 60 S. W. 363; City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704; Puckett & Wear v. City of Fort Worth (Tex. Civ.App.) 180 S.W. 1115; Jones v. City of Fort Worth (Tex.Com.App.) 267 S.W. 681; Jones v. City of Fort Worth (Tex. Com.App.) 270 S.W. 1002. Quoting from 30 Tex.Jur. 558: "The notice * * * must be served upon the officer specified in the charter."

■ Second. But if it be conceded that the filing of the notice with Mr. Edmonds was a compliance with the provisions of the city charter regulating notice, there was no testimony to the effect, nor even raising the issue, that this notice was given Mr. Edmonds within 60 days after Mrs. Baker was injured. The service of notice within the 60 days was a condition precedent to appellees' right of action, and it was incumbent upon them not only to allege affirmatively that the notice was given, but also to sustain that allegation by proof. On that issue Judge Sonfield, speaking for the Commission of Appeals, in City of Dallas v. Shows, 212 S.W. 633, 634, said:

"Charter provisions, such as the one under discussion, requiring notice of an injury within a given time, as a condition precedent to the right to maintain an action for such injury, have been uniformly upheld. 'Such requirements are enacted in furtherance of the public policy, and their object and purpose is to protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit.' McQuillin, Municipal Corporations, § 2715; City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704.

"Being a condition precedent to the right of action, it is incumbent on the plaintiff to affirmatively allege the giving of the prescribed notice. Dillon, Municipal Corporations (5th Ed.) § 1613."

In 30 Tex.Jur. 558, it is said: "The notice must be given within the time prescribed." See, also, City of Waco v. Watkins (Tex.Civ.App.) 292 S.W. 583, and authorities therein cited; Mercantile National Bank of Dallas v. Hickman (Tex. Civ.App.) 80 S.W.(2d) 488, and authorities therein cited; City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704.

The date the notice was given to Mr. Edmonds was not shown by the testimony; and, though he promised appellees' counsel to deliver the notice to the commission, the evidence failed to show that the notice reached the commission. For the two reasons discussed above, the judgment of the lower court must be reversed, and since, probably, appellees will be able to show the time that notice was given to Mr. Edmonds, and that he gave the notice to the commission within 60 days, the cause is remanded to the lower court for a new trial.

■ In view of another trial, we overrule appellant's propositions (a) that the notice was too general when applied to the evidence, in that the evidence showed many holes in the 1100 block of Pope street. It is appellant's contention that the notice should have directed its attention to the particular hole in which Mrs. Baker was injured. As against appellant's contention the evidence raised the issue that there was only one hole. On that point appellee Charles E. Baker testified on cross-examination:

"Q. I believe you said there were several holes along that street there? A. Yes, sir.

"Q. Do you recall any other holes that were near this one? A. Not to amount to anything, what I mean by that is there was no depth, just rough places."

1368

(b) The trial was to the court without a jury; the evidence raised the issue, and the lower court so found, that the defect in the street that caused Mrs. Baker to fall was the result of appellant's own negligence; therefore, we overrule appellant's contentions that the defect was "latent," that the street where Mrs. Baker was injured was "in a reasonably safe condition for such traffic," and that the evidence failed "to establish how long the defect, if any, had existed in Pope Street." As conclusive on these points, we quote the trial court's sixth conclusion of fact, which has support in the evidence: "I find that the defendant, City of Beaumont, had some two weeks prior to plaintiff's injuries, worked on and repaired the 1100 block portion of said Pope Street and had knowledge of said condition of said street and of the 1100 block thereof, and the existence of the hole therein, and that said hole had remained in such place and condition for more than two months prior to plaintiff's injuries, and defendant, in the exercise of ordinary care should have known and would have known of its presence and danger and was therefore negligent in failing to place any notice, barrier, or barricade of any kind at said place to warn persons of danger or not removing such danger, and that said negligence directly and proximately caused plaintiff's injuries without any fault or negligence on the part of plaintiff."

Reversed and remanded.