**Fred LUECK, Appellant,**

**v.**

**R. A. YOUNG AND SON OF TEXAS, INC., Appellee.**

**No. 4219.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 29, 1968.

**908**

Cervin & Stanford, Paul H. Stanford, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Robert H. Thomas, Dallas, for appellee.

COLLINGS, Justice.

R. A. Young and Son of Texas, Inc., brought suit against Fred Lueck for alleged unpaid rentals for two used draglines in the amount of $2,856.00 and for damages to said draglines in the sum of $8,850.00. The defendant denied the justness of plaintiff's claim and alleged a failure of consideration. The case was tried before a jury and after the verdict was returned both parties made motions for judgment. Plaintiff's motion was granted and judgment rendered for plaintiff in the sum of $2,210.00 for rent and other charges, and $5,000.00 for damages to the draglines. Fred Lueck has appealed.

Appellant does not complain of that portion of the judgment which was for rent, but presents two points of error in which it is contended: (1) that the court erred in entering judgment against him for $5,000.00 damages because the jury found in answer to special issue number 4 that appellee did not give appellant notice of such damage within seven days after receipt of the equipment as required by the lease contract, and (2) that the court erred in entering judgment against him in the sum of $5,000.00 because it was found by the jury in answer to special issue number 5 that appellant did not have notice of appellee's claim for damages to the equipment at the time of the receipt of the equipment by appellee.

Paragraph 8 of the equipment rental contract upon which this suit was brought provides as follows:

"DAMAGE TO EQUIPMENT. The Lessee shall indemnify the Lessor against all loss and damage to equipment during the rental period and the appraisal of any such loss or damage shall be on the equipment values shown by the list of equipment. *Any shortage or damage claim of either party shall be made known to the other party within seven (7) days after receipt of equipment, or such claim shall be void.*" (Emphasis ours.)

Appellee contends that the court properly disregarded the answer of the jury to special issue number 4 to the effect that appellee did not make known to appellant its claim for damage within seven days after receipt of the equipment by appellee, properly disregarded the finding of the jury in answer to special issue number 5 to the effect that appellant did not have knowledge of appellee's claim for damage to the equipment at the time of the receipt of the equipment by appellee, and properly rendered judgment for appellee for rent and damages.

■ There was no pleading by appellant complaining of any failure by appellee to comply with the seven days notice provision set out in paragraph 8 of the rental contract. Rule 93(m) Texas Rules of Civil Procedure requires that the defense of lack of notice be specifically pleaded and verified by affidavit. Since appellant did not by his pleadings urge the defense of lack of notice of damages such defense was not available to him. Anchor Casualty Co. v. Bowers, 393 S.W.2d 168 (Tex.Sup. Ct.1965).

It is also noted that no statement of facts has been filed. In such a case it is presumed that there was evidence to support the judgment. Thompson v. Republic Acceptance Corporation, 388 S. W.2d 404, (Tex.Sup.Ct.1965); Chavers v. Lucenay, 329 S.W.2d 503, (Tex.Civ.App. 1959, no writ history.) Appellee is correct in its contention that the court properly disregarded the jury's answers to special issues numbers 4 and 5.

Appellant's points are overruled and the judgment is affirmed.