**CITY OF HOUSTON, Appellant,**

v.

**Mrs. Betty L. D. FLANAGAN et vir, Appellees.**

**No. 15519.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 9, 1969.

Rehearing Denied Oct. 30, 1969.

William A. Olson, City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, Frank Abraham, Don R. Riddle, W. James Kronzer, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit for damages resulting from injuries sustained in an automobile accident. The trial court entered a judgment for the plaintiff based on a jury verdict. The principal question on this appeal is the contention that the appellees were not entitled to a judgment by reason of their failure to prove that a verified written notice of injury was given to the Mayor and City Council of the City of Houston as required by the Charter of the City.

The Plaintiff's Petition, on which the parties went to trial, alleged: "Your plaintiff would show that she has given notice to the City of Houston of her claim * * and has complied with all conditions precedent. * * *" In its answer the City did not specifically deny that such notice was given or that appellees had failed to comply with any condition precedent. The answer contained no verified plea that "notice and proof of loss or claim for damage has not been given, as alleged."

Article IX, Section 11, of the Charter of the City of Houston, provides:

"Before the City of Houston shall be liable for damages for personal injuries of any kind * * * the person injured * * *, or someone in his behalf, shall

give the Mayor and City Council notice in writing of such injury * * *, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury * * * occurred; * * * and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever, * * *."

This Court has held that allegation and proof that the notice, required by this provision of the Charter of the City of Houston, has been given are conditions precedent to a plaintiff's cause of action. Wones v. City of Houston, 281 S.W.2d 133 (Tex.Civ. App.—Houston 1955); Gardner v. City of Houston, 320 S.W.2d 715 (Tex.Civ.App.—Houston 1959). Similar provisions in the charters of other cities have been treated in a like manner by other courts. City of Waco v. Landingham, 158 S.W.2d 79 (Tex. Civ.App.—Waco 1942, writ ref.); Farmers State Bank of New Boston v. Bowie County, 127 Tex. 641, 95 S.W.2d 1304 (1936); City of Beaumont v. Baker, 95 S.W.2d 1365 (Tex.Civ.App.—Beaumont 1936, error dism.).

Rule 54, Texas Rules of Civil Procedure, provides: "In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party."

Rule 93, T.R.C.P., provides: "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

"* * *

"(m) That notice and proof of loss or claim for damage has not been given, as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted.

A denial of such notice or such proof shall be made specifically and with particularity."

While appellant's answer contained a general denial, it did not specifically deny that notice in writing of the injury was given to the Mayor and City Council of the City of Houston. Rule 54, therefore, dispenses with the requirement that the plaintiffs prove that a proper notice of the injury was given. The Charter provision does not provide that the claimant allege and prove the fact that a proper notice was given as was the case in Luke v. City of El Paso, 60 S.W. 363 (Tex.Civ.App.1900). No liability for damages by reason of personal injuries can attach to the city unless the notice in writing required by the charter is properly given. Since the charter does not provide that the fact of such notice must be proven at a trial on the merits of a suit against the city, there appears to be no repugnance between the terms of the charter and the provision of Rule 54 dispensing with such proof in the absence of a specific denial of the fact of performance as plead by the injured party.

In his excellent work on civil practice Professor McDonald, citing as examples: Beaumont v. Baker, supra, and Farmers State Bank v. Bowie, supra, states: " * * Formerly, it was required that the petition allege with reasonable detail the performance or occurrence of such conditions precedent, but under Rule 54 it is now sufficient to aver such performance or occurrence generally. This rule is intended to eliminate the necessity of alleging with particularity matters concerning which there is often no bona fide dispute. * * * The allegation is taken as true unless put in issue by the defendant's answer, but the burden remains on the plaintiff to establish the performance of such conditions precedent as the defendant denies have been performed or have occurred. * * *" McDonald, Texas Civil Practice, Vol. 2, § 6.14, p. 564.

In his discussion of Rule 93(m) Professor McDonald says: " * * * It broadens the provisions of Art. 5546, from which

it was taken. The statute had established a presumption of notice in actions brought under Arts. 5545 and 5546, but the rule applies generally to all civil actions to the same extent as do the other rules promulgated by the court. While its principal role will still be played in actions upon insurance policies and other contracts, the rule should likewise apply in actions for damages growing out of tort claims wherever there is established by statute, ordinance, contract, or other authority, a time limit within which the notice or proof of claim must be given." Ibid, § 7.32, p. 668.

No cases have been found considering the application of Rules 54 and 93(m), where a claim for damages against a city was involved. There is nothing to indicate that the conditions precedent referred to in Rule 54 are to be confined to contractual conditions, or that the notice and proof of loss or claim for damage referred to in Rule 93(m) pertained to insurance claims alone. To refuse to apply these rules in this case would provide an exception to the rules. We consider that these rules apply in all civil actions. The failure of the City to specifically deny that the plaintiff gave the notice of her injury required by the City Charter, as alleged in plaintiff's petition, dispensed with the necessity, otherwise present, of proving that fact. Fireman's Fund Indemnity Co. v. Boyle General Tire Co., 392 S.W.2d 352 (Tex.1965); Anchor Casualty Company v. J. E. Bowers, 393 S.W.2d 168 (Tex.1965); Lueck v. R. A. Young & Son of Texas, Inc., 429 S.W.2d 907 (Tex.Civ.App.—Eastland 1968); Tarkington v. Continental Casualty Company, 341 S.W.2d 490 (Tex.Civ. App.—Ft. Worth 1961, writ ref., n. r. e.); Texas Reserve Life Ins. Co. v. Texas Rehabilitation Center, 332 S.W.2d 403 (Tex. Civ.App.—San Antonio 1960); Hightower Oil & Refining Co. v. Castor, 177 S.W. 2d 311 (Tex.Civ.App.—Austin 1944); Home Ins. Co., New York v. Barbee, 166 S.W.2d 370 (Tex.Civ.App.—Galveston 1942).

While the jury was deliberating Mrs. Flanagan was lying on her side on a bench in the hall across from the entrance to the courtroom. The jury was released for lunch about five minutes to 12:00, and necessarily saw her. There is evidence that she had a wet cloth on her head and a grimace of pain on her face. Appellant asked for a mistrial on the ground that this constituted testimony as to her injuries.

The trial judge denied the motion. There was no evidence that Mrs. Flanagan knew the jury had been released for lunch, or that the incident had been contrived in any manner for the purpose of impressing the jury. There is no showing of extreme prejudicial effect on the jury. The trial court did not abuse his discretion in denying the motion for mistrial. Consolidated Underwriters v. Foster, 383 S.W.2d 829 (Tex.Civ.App.—Tyler 1964, writ ref., n. r. e.); Lantex Construction Company v. Lejsal, 315 S.W.2d 177 (Tex.Civ.App.— Waco 1958, writ ref., n. r. e.).

Appellant also complains that the answers made by the jury to the damage issues are contrary to the great weight and preponderance of the evidence and are excessive. After reviewing the entire record we find that the verdict of the jury is supported by competent evidence, and that the amount of damages awarded is not excessive. The verdict is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The judgment is affirmed.