**TRUSS WORLD, INC. and All Tex Financial, Inc., Appellants**

v.

**ERJS, INC. f/k/a America's Great Homes, Inc., America's Great Homes, Ltd., and Suretec Insurance Company, Appellees.**

No. 09–07–00432–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Sept. 8, 2008.

Decided Feb. 12, 2009.

---

David M. Medearis, Sullins, Johnston, Rohrbach & Magers, Houston, for appellants.

George D. Gordon, Richard S. Browne, Baggett, Gordon & Deison, Conroe, for appellees.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Truss World, Inc. designed and sold trusses, used in residential construction, for ERJS, f/k/a America's Great Homes, Inc. and America's Great Homes, Ltd. (AGH). AGH did not pay for some of the trusses, and Truss World filed materialman's liens. AGH filed a summary motion to remove the liens. *See* Tex. Prop.Code Ann. § 53.160 (Vernon 2007). Bonds to indemnify against the liens were filed, naming Suretec Insurance Company as the surety. *See* Tex. Prop.Code Ann. §§ 53.171–53.175 (Vernon 2007).

Truss World filed a countersuit against AGH for breach of contract, enforcement of the liens, and estoppel, and also sued Suretec, the surety on the bonds. All Tex Financial, Inc., an assignee of Truss World's claims and causes of action, and of accounts receivable owed by AGH, intervened and also sued AGH for fraud and negligent misrepresentation.

Following a bench trial, a money judgment was rendered against AGH based on the breach of contract claim. The court concluded Truss World "provided specially fabricated items/trusses to [AGH]." The trial court found that "Truss World did not send notice to [AGH] for specially fabricated items as required by the Texas Property Code prior to filing the Affidavits for Mechanic's and Materialman's Liens." The trial court concluded that Truss World failed to perfect the liens, and ordered that Truss World and All Tex take nothing on the bonds. Truss World and All Tex, Inc. appeal that take-nothing judgment. No other party filed a notice of appeal. No cross-points are presented by Suretec or AGH.

The trial court erred in finding that Truss World failed to properly perfect the liens. We therefore reverse the part of the judgment that provides appellants take nothing from Suretec, and remand the case to the trial court to render judgment in favor of appellants on the bonds. *See* TEX.R.APP. P. 43.3(a).

### ORIGINAL CONTRACTOR OR DERIVATIVE CLAIMANT?

■ Appellants argue the notice requirements of section 53.055 apply to an original contractor. *See* TEX. PROP.CODE ANN. § 53.055 (Vernon 2007). Appellants contend the trial court erred in not presuming, pursuant to Texas Rules of Civil Procedure 54, that Truss World gave AGH the required notice under section 53.055 because notice and filing were pled and not specifically denied. *See* TEX.R. CIV. P. 54.

Appellants argue Truss World was not required to comply with section 53.058 of the Texas Property Code, a provision applicable to derivative claimants. Generally, section 53.058 entitled "Derivative Claimant: Notice for Specially Fabricated Items," states that—for a lien to be valid for non-delivered specially fabricated items—a claimant who specially fabricates material must give the owner notice not later than the 15th day of the second month after the month in which the claimant receives and accepts the order for the material. *See* TEX. PROP.CODE ANN. § 53.058(a),(b) (Vernon 2007); *see also* § 53.253 (Vernon 2007) (applicable to residential construction projects). A subcontractor is a derivative claimant; an original contractor is not. *See First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex.1983). Truss World asserts it is an original contractor.

For the purposes of mechanic or materialman liens, an "original contractor" is "a person contracting with an owner either directly or through the owner's agent." TEX. PROP.CODE ANN. § 53.001(7) (Vernon 2007). A subcontractor is "a person who has furnished labor or materials to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract." *Id.* § 53.001(13). Truss World contracted directly with the owner of the real property, AGH, to provide trusses to AGH.

■ AGH and Suretec argue, nevertheless, that Truss World's statement in the lien affidavits filed with the county clerk, identifying Truss World as a subcontractor, constitutes a judicial admission that Truss World was in fact AGH's subcontractor. Form requirements for materialmen's lien affidavits are to be liberally construed; substantial compliance with the mechanic's and materialmen's lien statute authorizing the lien is sufficient. *See generally Gill Sav. Ass'n v. Int'l Supply,* 759 S.W.2d 697, 700–01 (Tex.App.-Dallas 1988, writ denied) ("The mechanic's and materialmen's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen."). We decline to treat the statement in the lien affidavits as a binding judicial admission, but instead look at the actual relationship of the parties and the purpose of the statute.

Truss World contracted directly with AGH and was an original contractor, not a subcontractor or derivative claimant. *See* TEX. PROP.CODE ANN. § 53.001(7),(13). As an original contractor, Truss World was not required to serve additional notices required of a subcontractor or derivative claimant to perfect a lien claim.

### SECTION 53.055

An original contractor must provide the owner notice pursuant to section 53.055 of the Texas Property Code when filing a lien affidavit. *See* TEX. PROP.CODE ANN. § 53.055 (Vernon 2007). Section 53.055

states in part that "[a] person who files [a lien] affidavit must send a copy of the affidavit by registered or certified mail to the owner or reputed owner at the owner's last known business or residence address not later than the fifth day after the date the affidavit is filed with the county clerk." *Id.*

 Requiring a lien affiant to give actual notice to the property owner of the lien ensures that a property owner will not be ambushed by recorded liens of which he is unaware. *New AAA Apartment Plumbers, Inc. v. DPMC-Briarcliff, L.P.,* 145 S.W.3d 728, 730 (Tex.App.-Corpus Christi 2004, no pet.). Although section 53.055 requires that notice of a mechanic's and materialman's lien must be given to the property owner no later than five days after the affidavit is filed, the statute does not prohibit giving notice before the lien affidavit is filed. *See Overseas Enters. USA, Inc. v. Whatley,* No. 09–07–565 CV, 2008 WL 3928377, at *3, 2008 Tex.App. LEXIS 8523, at *8 (Tex.App.-Beaumont Aug.28, 2008, no pet.)(mem.op.); *Arias v. Brookstone,* 265 S.W.3d 459, 465 (Tex. App.-Houston [1st Dist.] 2007, pet. denied)("[T]he owner ... can hardly claim to be hurt when ... notified in advance of the actual filing of the lien affidavit."); *New AAA Apartment Plumbers, Inc.,* 145 S.W.3d at 730 (citing *Hammons v. Texas Pride Landscape,* No. 05–99–980–CV, 2000 Tex.App. LEXIS 3025, 2000 WL 567108, at *4 (Tex.App.-Dallas May 10, 2000, pet. denied) (mem.op.)); *see also* TEX. PROP.CODE ANN. § 53.055. Substantial compliance with the statute is sufficient to perfect the lien. *See First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex.1983) (predecessor statute).

## RULE 54

 Truss World alleged it would show it "filed and perfected" the liens. Truss World pled in its petition that, "On or about November 25, 2002, Truss World mailed lien affidavits, certified mail, return receipt requested, informing AGH of its intent to file liens on the property to secure its claim on the delinquent payments. And on December 3, 2002 Truss World filed lien affidavits on the properties." When a party pleads the performance or occurrence of conditions precedent, the party pleading the conditions precedent is only required to prove at trial those performances or occurrences that were specifically denied by the opposing party. TEX.R. CIV. P. 54. Essentially, Truss World's pleading asserted compliance with its notice obligations. *See* TEX. PROP.CODE ANN. § 53.055; *see also Arias,* 265 S.W.3d at 465. Appellants were not required to prove notice unless AGH and Suretec specifically denied appellants gave the notice as pled, or otherwise specifically denied compliance with section 53.055. *See* TEX.R. CIV. P. 54.

AGH and Suretec alleged in their answers that appellants' "failure to properly give notice as required by the Texas Property Code for specially fabricated items" precluded the claims, and they asserted appellants did not properly perfect the liens. AGH and Suretec alleged that the notice did not comply with sections 53.058 and 53.253. Contrary to the trial court's finding, however, the Property Code provisions dealing with "specially fabricated items" are inapplicable here, because the Property Code notice requirements for "specially fabricated items" apply to derivative claimants, not original contractors. *See* TEX. PROP.CODE ANN. § 53.058. The denial by AGH and Suretec was not a specific denial of notice under section 53.055. Furthermore, AGH's and Suretec's broad denial in their answers, that appellants "fail[ed] to properly perfect its liens, pursuant to the Texas Property Code[,]" failed to specifically state in what

way the liens were not "properly perfected." The assertion did not specifically deny that appellants gave notice as pled by appellants of the filing of the liens. *See generally Wade & Sons, Inc. v. Am. Std. Inc.,* 127 S.W.3d 814, 825–26 (Tex.App.-San Antonio 2003, pet. denied)(A pleading "specifically denying that all conditions precedent" to plaintiff's right to recover have "been performed" or "waived" was insufficient under Rule 54.).

Appellants also argue Rule 93(12) of the Texas Rules of Civil Procedure requires that a plea "[t]hat notice and proof of loss or claim for damage has not been given as alleged" must be verified by affidavit and that "denial of such notice or such proof shall be made specifically and with particularity." *See* Tex.R. Civ. P. 93(12). AGH and Suretec cite *Bunch Electric Company v. Tex–Craft Builders, Inc.,* 480 S.W.2d 42 (Tex.Civ.App.-Tyler 1972, no writ) in arguing that verification under Rule 93(12) is inapplicable here. In *Bunch Electric* the court held that Rule 93(m), the prior version of Rule 93(12), did not apply to the procedure applicable under Article 5160 of the Texas Revised Civil Statutes. *See Bunch Electric,* 480 S.W.2d at 46. The court held article 5160 provided the procedure and remedy for presenting a claim against a payment bond on a public contract. *See id.* at 45–46.

In *Skinny's Inc. v. Hicks Brothers Construction Company,* 602 S.W.2d 85, 90 (Tex.Civ.App.-Eastland 1980, no writ), the court declined to follow the reasoning in *Bunch Electric.* The court applied the Rules of Civil Procedure, specifically Rule 54, and held that the claimants were required to prove only the conditions precedent specifically denied by the owner. *See id.* The owner could not assert, for the first time on appeal, that there was no evidence of mailing copies of the lien affidavits to the owner by certified mail. The

court explained that "the general contractor and the subcontractor were required to prove only such conditions precedent as were specifically denied by the owner." *Id.*

In *City of Houston v. Flanagan,* 446 S.W.2d 348, 349–50 (Tex.Civ.App.-Houston [1st Dist.] 1969, writ ref'd n.r.e.), a personal injury lawsuit, the court held that Rule 54 and Rule 93(12)'s predecessor, Rule 93(m), applied to all civil actions. *See id.* at 350. Although it seems arguable Rule 93(12) is also applicable to the notice pleading here, we need not reach that specific issue. The Rules of Civil Procedure, including Rule 54, apply to pleading requirements in civil actions like this one. *See Skinny's, Inc.,* 602 S.W.2d at 90; *Flanagan,* 446 S.W.2d at 349–50. Pursuant to Rule 54, appellants were required to prove only the performances or occurrences of conditions precedent pled that were specifically denied. *See* Tex.R. Civ. P. 54; *Skinny's, Inc.,* 602 S.W.2d at 90.

Truss World specifically pled performances or occurrences that were conditions precedent to establish the liens: notice and filing. AGH's and Suretec's denials did not specifically address the "performances or occurrences" as pled. Appellants were entitled to rely on their pleadings in the absence of a specific denial of the performances or occurrences pled. Under the circumstances, notice as pled should have been presumed by the trial court. *See* Tex.R. Civ P. 54. Appellants' issue is sustained.

CONCLUSION

The trial court concluded that Truss World provided the trusses and fully performed its obligations. The court entered judgment for damages based on breach of contract. No party contests those conclusions or appeals that award. We reverse only that part of the judgment providing

appellants take nothing from the surety, Suretec. The case is remanded for the trial court to render judgment on the surety bonds.

REVERSED AND REMANDED.