ACCEPTED
14-15-00377-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 3:17:48 PM
CHRISTOPHER PRINE
CLERK

No:     14-15-00377-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 3:17:48 PM
CHRISTOPHER A. PRINE
Clerk

# BEFORE THE FOURTEENTH COURT OF APPEALS
## FOR THE STATE OF TEXAS
## HOUSTON, TEXAS

ELMER H. LOPEZ INDIVIDUALLY & D/B/A
E.H.L. CONSTRUCTION AND PAINTING
*Appellant*

vs.

ROC TX LAKESIDE, LLC.
*Appellee*

---

## APPELLANT REPLY BRIEF

---

Arising from Cause No. 1056480, *Roc TX Lakeside, LLC verses
Elmer H. Lopez, Individually and DBA as E.H.L. Construction and Painting*
Before the County Civil Court at Law Number 1 of Harris County, Texas

---

Joel D. Mallory
Attorney for Appellant
P.O. Box 230156
Houston, Texas 77223
(713) 429-0350 Telephone
(713) 429-0350 Facsimile
TBN: 00786082
malloryassoc@yahoo.com

# THE PARTIES AND THEIR COUNSEL

**Appellant:**

Elmer H. Lopez, Individually and
DBA as E.H.L. Construction
by and through his counsel:
Joel D. Mallory, Jr.
P.O. Box 230156
Houston, Texas 77223

**Appellee:**

ROC TX Lakeside, LLC
by and through counsel of record:
O'Conor, Mason, & Bone, PC
1616 S. Voss Street, Suite 200
Houston, Texas 77057

**Trial Judge:**

Hon.  Debra Ibarra Mayfield
Harris County Court at Law
Number 1
Harris County Courthouse
201 Caroline
Houston, Texas 77002

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. ................................................................................................ i

ISSUES ON REPLY. ........................................................................................................ 1

REBUTTAL ARGUMENT. ............................................................................................... 1

    A.    <u>The Non-Suit of Appellant's Counterclaim Resulted in a Final Judgment for Purposes of Appeal and Appellate Jurisdiction</u>. ............ 1

    B.    <u>ROC's Assertion That Lopez Waived all his Rights as a Result of not Posting a $77,989.63 Bond has no Legal Support and is Simply Untenable</u>. ...................................................................................... 3

    C.    <u>ROC Failed to Rebut EHL's Contentions on Appeal</u>. .......................... 5

        1.    ROC Failed to Demonstrate EHL's So-Called Sub-Contractor Status ......................................................................... 5

        2.    ROC failed to Refute "Want of Due Process" Contentions. ....... 7

CONCLUSION. ............................................................................................................... 8

CERTIFICATE OF SERVICE. ......................................................................................... 9

CERTIFICATE OF COMPLIANCE. ................................................................................ 10

# TABLE OF AUTHORITIES

**Texas Supreme Court**

*CVN Group, Inc. v. Delgado*, 95 S.W.3d 234 (Tex.2002) ..................................... 5

*First Nat'l Bank of Wichita Falls v. Fite*, 131 Tex. 523,
115 S.W.2d 1105, 1109-10 (1938). ...................................................................... 6

*Latch v.Gratty*, 107 S.W.3d 543 (Tex.2003). ....................................................... 6

*Lehmannn v. Har-Con Corp.*, 39 S.W.3d 191 (Tex.2001). .................................. 2-3

*Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311 (Tex.1994)................... 3

*Strang v. Pray*, 89 Tex. 525,
35 S.W. 1054 (1896).............................................................................................. 5


**Texas Court of Appeals**

*Big H Construction, Inc. v. Hensley*, No. 01-10-00379-CV
(Tex.App. [1ˢᵗ] 3/31/2011............................................................................... 8

*Brown v. Crooks*, No. 07-09-0018-CV
(Tex.App.- Amarillo 4/13/2011)......................................................................... 5

*Brown v. Crooks*, No. 07-09-0018-CV
(Tex.App.- Amarillo 4/13/2011)......................................................................... 5

*Dallas Nat'l Bank v. Peaslee-Gaulbert Co.*,
35 S.W.2d 221 (Tex.Civ.App. -Dallas 1931 writ den'd)....................................... 6

*Lyda Swinerton Bldrs., Inc. v. Cathay Bank,*
409 SW.3d 22 (Tex.App. - Houston [14ᵗʰ] 2013 pet. den'd). ........................... 7, 8

*Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868
(Tex. App.- Fort Worth 1996, writ denied). ........................................................ 4

*Truss World, Inc. v. ERJS Inc.*, 284 S.W.3d 393
(Tex.App.-Beaumont 2009, pet. denied)............................................................. 5

## Statutes

Art. I, §13, TEX. CONST.. ...................................................................... 4

Art. I, §19, TEX. CONST.. ...................................................................... 4

Art. XVI, §37, TEX. CONST.. .................................................................. 5

Rule 166a, TRCP. ................................................................................. 7

§53.001(13), Tex. Prop. Code ............................................................... 6

§53.001(6), Tex. Prop. Code................................................................. 6

§53.001(7), Tex. Prop. Code................................................................. 6

§53.026, Tex. Prop. Code . ................................................................... 6

§53.160, Texas Prop. Code.............................................................. 1, 8

§53.161(g), Tex. Prop. Code................................................................. 4

§53.162, Tex. Prop. Code . ................................................................... 4

Texas Declaratory Judgment Act
§37.001 et seq., Tex. Civ. Prac. & Rem. Code. ......................... 1, 3, 5, 7

## ISSUES ON REPLY

CONTRARY TO ROC'S SUGGESTION, THERE ARE NO OUTSTANDING ISSUES OR CLAIMS RELATING TO ROC'S DECLARATORY JUDGMENT THAT DISSOLVED LOPEZ' CONSTRUCTION LIEN

ROC'S CONTENTION THAT APPELLANT WAIVED HIS LEGAL RIGHTS AS A RESULT OF A PUTATIVE FAILURE TO FILE A BOND HAS ABSOLUTELY NO LEGAL SUPPORT WHATSOEVER

ROC DID NOT RESPOND TO APPELLANT'S CONTENTIONS - LOPEZ WAS AT ALL TIMES AN ORIGINAL CONTRACTOR WHOSE LIEN WAS SELF-ENFORCING UNDER THE TEXAS CONSTITUTION; IN ADDITION TO ENFORCEMENT UNDER THE TEXAS PROPERTY CODE

APPELLANT'S DUE PROCESS CONTENTIONS REMAINS UNCHALLENGED

## REBUTTAL ARGUMENT

### A. The Non-Suit of Appellant's Counterclaim Resulted in a Final Judgment for Purposes of Appeal and Appellate Jurisdiction

Notwithstanding due process and procedural improprieties, the trial court awarded ROC a declaratory judgment under Texas Declaratory Judgment Act, §37.001, Tex. Civ. Prac. & Rem. Code. Declaratory relief that was granted is inclusive of relief sought pursuant to §53.160, Texas Prop. Code. (R.234, R.11).

ROC suggests it has live claims before the lower court because there is no mention of Lopez' counterclaim in the judgments rendered in its favor. (Appellee Brief, p.11). Moreover, ROC impermissibly goes outside of the record to suggest that the trial court's docket sheet and trial setting is demonstrative of live claims.

1

(Appellee Brief, pp.10-11). On the other hand, ROC readily acknowledges the lack of live claims for Lopez. (Id., Suppl. R.6).

Simply put, no controversy, claim, or issue remained before the trial court either for ROC or Lopez.[1] ROC certainly does not identify any controversy, claim, or issue outside of the declaratory judgment. Notwithstanding, if the trial court set the matter for trial after the lapse of plenary jurisdiction, it was done so mistakenly and without authority.

In support, ROC cites *Lehmannn v. Har-Con Corp.*, 39 S.W.3d 191 (Tex.2001). In that case, the Supreme Court held that a judgment issued without a conventional trial is final for purposes of appeal if and only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. Id., 192-93. However, ROC did not cited *Lehmann'*s holding in its entirety:

> A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims. Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final. This is settled law in Texas, and while there have been proposals to change it by rule, proposals that are currently pending consideration by this Court's Advisory Committee, we are not inclined to depart

---

[1] ROC did not obtain two judgments. After obtaining the declaratory judgment that dissolved Lopez' lien, the trial court essentially granted an "executory order" for the lien to be stricken or removed by the County Clerk's Office pursuant to ROC's emergency motion. (R.239-43, 260-62). According to Opposing Counsel, he filed his emergency motion on behalf of ROC when he discovered the amended lien, which was filed prior to the February 18, 2015 dissolution hearing. (R.240-41).

from it here. <u>The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case.</u>

Id., at 200.

Accordingly,  the trial court granted ROC a declaratory judgment pursuant to §37.001, Tex. Civ. Prac. & Rem. Code pursuant to ROC's request for declaratory relief. (R.234, R.11).  When the trial court granted the non-suit, it resulted in a final judgment for purposes of appeal.  It is entirely inconsequential that ROC's declaratory judgment and its concomitant executive order made no mention of Lopez' counterclaim.

Furthermore, ROC's "want of timeliness" assertion is specious.  "When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties."  See, e.g., *Martinez v. Humble Sand & Gravel, Inc*., 875 S.W.2d 311, 313 (Tex.1994).  Needless to say, the underlying notice of appeal was timely filed.

In conclusion on this point, ROC's "lack of jurisdiction" contention is unsustainable.

**B.**     **ROC's Assertion That Lopez Waived all his Rights as a Result of not Posting a $77,989.63 Bond has no Legal Support and is Simply Untenable**

In the alternative, ROC asserts Lopez waived all rights and remaining remedies under Texas law when he failed "to follow the clear language of the Texas Property

3

Code" by obtaining a stay of ROC's declaratory judgment. (Appellee Brief, pp.11-12). Interestingly, ROC did not provide legal citation for its position.

Notwithstanding the want of legal support of any kind, ROC's position is belied by the Code. Section 53.161(g), Tex. Prop. Code expressly states that "the removal of the lien does not constitute a release of the liability of the owner, if any, to the claimant." Also, a removed lien that is not stayed is subject to revival. Section 53.162 provides "[i]f an order removing the lien is not stayed as provided by §53.161 and the claimant later obtains a final judgment in the suit establishing the validity and ordering the foreclosure of the lien, the claimant may file a certified copy of the final judgment with the county clerk."

ROC's position does not appear to be well conceived. If the failure to post a bond could result in the waiver, not just of the right of appeal, but all conceivable substantive and procedural rights conceivable right, this would patently raise matters of constitutional dimensions. Asides from due process concerns, it would result in undue deprivations of due course and open courts rights under the Texas Constitution. Art. I, §13, TEX. CONST., Art. I, §13, Art. I, §19, TEX. CONST.; *Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 871 (Tex. App.- Fort Worth 1996, writ denied).

In conclusion on this point, ROC's"waiver of legal rights" contention is unsustainable.

4

**C.    ROC Failed to Rebut EHL's Contentions on Appeal**

    1.    ROC Failed to Demonstrate EHL's So-Called Sub-Contractor Status

At the outset, ROC made no meaningful effort to rebut the contentions and citation of authorities as set forth in the Appellant Brief.  ROC continues to stress that Lopez was not an original contractor because he was not in direct contractual privity with it.  ROC did not respond to EHL's appellant arguments and supporting citations.

ROC continues to go through drastic lengths to relegate EHL as a sub-contractor because an original contractor may enforce a lien through. Art. XVI, §37, TEX. CONST. A constitutional lien is self-executing; that is, no notice or filing requirements must be met for the lien to attach, and the lien exists independently and apart from any legislative act. See *Strang v. Pray*, 89 Tex. 525, 35 S.W. 1054, 1056 (1896), *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 246-47 (Tex.2002) (Hankinson, J. -dissent).  The gist of ROC's dissolution pleadings alleged failure of the lien affidavit to fully comply with §53.054, Tex. Prop. Code.  (R.10-11).  Hence, ROC has every incentive to disavow EHL's original contractor status.

At all times, Bridge Property Management was ROC's authorized agent. (R.6-10, 15-18). If an original contractor enters into an agreement with an owner's duly authorized agent, does that transform or relegate the contractor's status as a sub-contractor?  Of course not.  See *Truss World, Inc. v. ERJS Inc.*, 284 S.W.3d 393, 395-96 (Tex.App.-Beaumont 2009, pet. denied),  *Brown v. Crooks*, No. 07-09-0018-CV (Tex.App.- Amarillo 4/13/2011).  If EHL was putatively ROC's sub-

5

contractor, then who was the original contractor? It certainly was not Bridge Management. Logically, an agent who acts on behalf of an owner cannot be an original contractor. See *Dallas Nat'l Bank v. Peaslee-Gaulbert Co.*, 35 S.W.2d 221 (Tex.Civ.App. -Dallas 1931 writ den'd).

ROC simply cannot rely upon matters of contractual privity, while disregarding Appellant's authorities. Section 53.001(7), Tex. Prop. Code stipulates "[f]or purposes of mechanics or materialman liens, an "original contractor' is "a person contracting with an owner either directly or through the owner's agent." Moreover, §53.026, Tex. Prop. Code considers EHL to be in direct contractual privity with ROC (with an original contractor's lien) based upon principal-agency relationship between ROC and Bridge Management. (R.6-11, 15-18). On the other hand, §53.001(13), Tex. Prop. Code defines a subcontractor as one "who has furnished labor or materials to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract."[2] EHL clearly was not a sub-contractor.

Then, ROC attempts to avail to the language of the liens as dispositive of Lopez' status as a sub-contractor. However, Texas law looks past labels and take into considertion the actual relationship of the parties. In *Truss World*, the Court held the self-reference of the original contractor as a subcontractor in his lien affidavit was not

---

[2] To expound on this point further, §53.001(6), Tex. Prop. Code defines an original contract as an agreement to which an owner is a party either directly or by implication of law. ROC was bound to the contract due its principal-agency relationship with Bridge Management. (R.11). See *Latch v.Gratty*, 107 S.W.3d 543, 546 (Tex.2003), *First Nat'l Bank of Wichita Falls v. Fite*, 131 Tex. 523, 115 S.W.2d 1105, 1109-10 (1938).

6

a judicial admission. Id., 284 S.W.3d 393, 395-96.

In the alternative, ROC attempts to do away with the distinctions of lien enforcement by original contractors and subcontractors. In a rather conclusory manner, it asserts that original contractors are required to give lien notice in the same manner as a subcontractor -without addressing Appellant's authorities. As recognized by this Court, a contractor may assert a lien based upon principles of common law, contractual, <u>or</u> constitutional rights. See *Lynda Swinerton Bldrs., Inc. v. Cathay Bank,* 409 SW.3d 221, 234 (Tex.App. - Houston [14[th]] 2013 pet. den'd) (emphasis added).

In conclusion on this point, ROC's "contractual privity/subcontractor" contention is untenable.

2.     ROC failed to Refute "Want of Due Process" Contentions

Appellant contends the trial court deprived him of due process. Instead of an interlocutory order of lien removal, the trial court entered a declaratory judgment pursuant to §37.001 et seq., Tex. Civ. Prac. & Rem. Code. (R.234, R.11). Furthermore, the trial court disregarded Lopez's special exceptions. (R.59, 203). A judgment was entered against Appellant a little over a month after filing of an answer. Initially, it was presumed that a traditional summary judgment was entered. However, upon closer review, Appellee's declaratory judgment pleadings actually do not motion for relief under Rule 166a, TRCP. (R.11-13). Likewise, the declaratory judgment does not set forth any procedural mechanism for disposition. Outside the summary

7

judgment or dismissal for want of process processes, there is no procedural mechanism that permitted the summary manner of the trial court's disposition.[3]

Moreover, the alleged discrepancies of Lopez' lien affidavit were corrected prior the trial court's disposition. This also amounted to a deprivation of due process and an abuse of discretion. As discussed in the Appellant Brief, lien rights are to be liberally construed; there is nothing in the Property Code that prevents a liens's amendment or correction. To contrary, such an amendment or correction is proper. *Cathay Bank*, 409 S.W.3d at 235.

Appellee does not deny the due process violations. Without elaboration, ROC claims in its stipulation of issues that the due process denial was his fault. (Appellee Brief, p.4). Thus, Appellant's due process contentions remain unchallenged.

## **CONCLUSION**

WHEREFORE, Elmer H. Lopez, Individually and DBA as E.H.L. Construction prays for relief as requested in his Appellant Brief and for general relief in law or equity to which he is justly entitled.

---

[3] In addition, ROC's pleadings traveled well outside the scope of that rule to complain about the amount claimed, the work performed, lack of privity of contract, and the purported inability to obtain verification as grounds for a dissolution. (R.6-8). Compare *Big H Construction, Inc. v. Hensley*, No. 01-10-00379-CV, n.2 (Tex.App. [1st] 3/31/2011) (§53.160, Tex. Prop. Code does not authorize the trial court to invalidate a contract and rule summarily on other claims raised by the parties).

Respectfully submitted,

_/s/ Joel Mallory_
Joel D. Mallory, Jr.
Attorney for Appellant
TBN: 00786082
P.O. Box 230156
Houston, Texas 77223
Tele: (713) 429-0350
Fax: (713) 429-0350
malloryassoc@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document has been served or will be served upon the following in compliance with the Texas Rules of Appellate Procedure on November 9, 2015 by facsimile, U.S. Mail, or by any means authorized by the Rules:

ROC TX Lakeside, LLC
by and through counsel of record:
Robert Bone
O'Conor, Mason, & Bone, PC
1616 S. Voss Street, Suite 200
Houston, Texas 77057

_/s/ Joel Mallory_
Joel D. Mallory, Jr.

9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that pursuant to Rule 9.4(e)(i)(1), Tex. R. App. Proc., this motion complies with the Rule's font requirements (Wordperfect ® Times Roman14 pt. for text, 12 pt. for footnotes.

The word count as pertinent to this document is 2094, with exclusion of matters consisting of caption, identities of parties and counsel, table of content, index of authorities, signature, proof of service, certification, certificate of compliance, and appendix.

*/s/ Joel D. Mallory, Jr.*
Joel D. Mallory, Jr.